■ PEPSI-COLA BUFFALO BOTTLING CORP., Appellant, v WEHRLE DRIVE SUPERMARKETS, INC., et al., Respondents.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Special Term erred in denying plaintiff's motion for summary judgment. As neither party submitted extrinsic proof in admissible form, Special Term should have construed the instrument as a matter of law to determine whether defendant Egert's signature on the guarantee was in an individual or corporate capacity *(Olson Enters. v Agway, Inc.,* 55 NY2d 659; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169).

Inasmuch as the guarantee in question is not a "negotiable instrument" *(see,* UCC 3-102 [1] [e]; 3-104 [1]), both parties erred in arguing that UCC 3-403 applies to this case. Applying general agency principles, we hold, as a matter of law, that defendant Egert's signature was made as an individual and not in a representative capacity. An agent is liable where "there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for or to that of his principal" (3 NY Jur 2d, Agency, § 276). Such evidence is presented here by the agent's failure to show by his signature his representative capacity *(see generally,* 2 NY Jur 2d, Agency, §§ 179-183; 3 NY Jur 2d, Agency, §§ 275-276; *cf.* UCC 3-403 [2], [3]) and by the additional fact that the guarantee is meaningless from a business standpoint unless the parties intended for the agent to bind himself personally. (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.