■ REPUBLIC NATIONAL BANK OF NEW YORK, Appellant, v GSO INC., Defendant, and GUSTAVE JACOBS, Respondent.—Order, Supreme Court, New York County (Beverly Cohen, J.), entered December 5, 1990, to the extent it denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs and disbursements, the motion granted and the matter remanded for a hearing to determine the amount of attorneys' fees and costs due plaintiff in accordance with the terms of the guaranty. The Clerk is directed to enter judgment in favor of plaintiff-appellant: against GSO Inc. in the amounts of $350,000 plus interest on the First Cause of Action, and $38,180.26 plus interest on the Second Cause of Action; and against Gustave Jacobs in the amount of $350,000 plus interest on the Third Cause of Action, and $38,180.26 plus interest on the Fourth Cause of Action.

In October 1989, GSO Inc. requested a $400,000 line of credit from plaintiff bank. Since GSO was a new company, the bank required a guarantor. GSO's chairman, David Eisenberg, suggested Gustave Jacobs, a GSO board member, as a suitable candidate. Jacobs met with Mr. Reuben, a bank officer, to discuss the guaranty and provided the bank with copies of his most recent Federal tax return and an accountant-prepared financial statement. According to these documents, Jacobs had an annual income of over $1.5 million and a net worth in excess of $10 million. The bank concluded that Jacobs would be a suitable guarantor. Jacobs executed the guaranty on December 12, 1989, signing his name on the line provided therefor. In the space for the guarantor's address, Jacobs wrote "Jaytab Industries #310242606". This was the account number of Jaytab's corporate account at the bank.

GSO used the line of credit by overdrawing on its checking account. The overdrafts were drawn by Eisenberg and Yeshaya Barzel, both of whom, pursuant to GSO's corporate banking resolution of November 10, 1989, had authority to write checks on GSO's account and incur indebtedness on its behalf. As the overdrafts were accepted, Jacobs was informed by the bank's officers of GSO's mounting indebtedness. On March 13, 1990, Barzel, on GSO's behalf, executed a $350,000 note in favor of the bank to cover the overdrafts. When GSO failed to pay the note at maturity on June 4, 1990 and defaulted, the bank made a demand upon Jacobs on his personal guaranty. Jacobs refused to pay and this action was commenced. After affording the parties the opportunity to submit additional affidavits, the IAS court converted Jacobs' motion to dismiss to one for summary judgment. The court

denied Jacobs' dismissal motion as well as summary judgment, finding an issue of fact as to whether Jacobs signed the guaranty on behalf of Jaytab Industries. We reverse and grant summary judgment to plaintiff.

Contrary to the IAS court's finding, there is no issue of fact. Jacobs signed the guaranty in his individual capacity and there is nothing to indicate that he was executing it as an officer of Jaytab or as an agent acting in Jaytab's behalf. His claim that the words "Jaytab Industries", which appear below his name on the address line relieve him of any liability under the guaranty is unavailing. Absent an indication on the face of the contract that he or she is acting in a representative capacity, a party is personally liable on a written contract. (*Meyer v Redmond,* 205 NY 478, 483; *Pepsi-Cola Buffalo Bottling Corp. v Wehrle Dr. Supermarkets,* 123 AD2d 515.) Since there is no indication on the face of the guaranty that Jacobs signed in a representative capacity, he is personally bound. Even if we were to look beyond the instrument itself, it is clear to us that there is no issue of fact. Jaytab never submitted, as Jacobs did, any financial information for the GSO line of credit; nor did the bank ever ask for such information. Moreover, Jaytab's balances with the bank would never have supported the guaranty in question. Nor was a corporate resolution authorizing Jacobs' commitment of Jaytab to such a guarantee ever executed.

We have examined Jacobs' other contentions and find them to be without merit. Accordingly, we award summary judgment to plaintiff in the amount sought and remand solely for a determination of attorneys' fees and costs in accordance with the provisions of the guaranty. Concur—Sullivan, J. P., Milonas, Asch, Kassal and Smith, JJ.