■ JANICE VERNON, Respondent, v JEROME WINIKOFF, Appellant.—In an action to recover on a promissory note, brought by motion pursuant to CPLR 3213 for summary judgment in lieu of a complaint, the defendant appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered June 5, 1990, which, upon an order of the same court dated January 18, 1990, granting the motion for summary judgment, is in favor of the plaintiff and against him in the principal sum of $100,000.

Ordered that the judgment is affirmed, with costs.

By motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff commenced this action to recover upon a promissory note for the payment of money only. The defendant does not deny the making of the note or that no payments were made thereunder. However, in opposing the plaintiff's motion for summary judgment, the defendant alleged that, despite the note's recitation that it was given "for value received," there was actually no consideration. In reply, the plaintiff argued that, regardless of the defendant's allegation, the parol evidence rule prevents the defendant from varying the clear language of the instrument.

It is undisputed that the plaintiff has established a prima facie case by proof of the note and a failure to make payments called for by its terms (see, Gateway State Bank v Shangri-La Private Club for Women, 113 AD2d 791, affd 67 NY2d 627; see also, Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, 137, affd 29 NY2d 617).

The plaintiff has submitted both the note and a subsequent letter from the defendant indicating that the note was given for consideration. This documentary evidence is countered only by the defendant's allegations that there was no consider-

ation and that the note was executed because of the plaintiff's tax difficulties. In view of the documentary evidence indicating that there was consideration, the defendant's allegations fail to raise a triable issue of fact. Moreover, the defendant's allegation that the note was executed only to assist the plaintiff with her "tax difficulties" is not sufficient to overcome the plaintiff's documentary evidence. In order to prevent summary judgment it was at least necessary for the defendant to explain what these "tax difficulties" were and how the execution of the note would have assisted the plaintiff *(see, Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259).

We note that defendant waived his objection to the court's jurisdiction over his person since he opposed the plaintiff's motion for summary judgment in lieu of complaint on the merits without raising any jurisdictional objection *(see,* CPLR 3211 [e]; *Katz v Katz,* 68 AD2d 536). Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.