■ WOODHOUSE, DRAKE & CAREY (TRADING), INC., Respondent, v ROYAL INTERNATIONAL TRADE, INC., et al., Appellants. —Judgment, Supreme Court, New York County (Karla Mos-

kowitz, J.), entered October 29, 1991, which granted plaintiff's motion for summary judgment in lieu of complaint on a promissory note, unanimously affirmed, with costs.

Despite the provision in its acceleration clause making failure to deliver certain commodities an event of default, the note qualified as an instrument for the payment of money only, and the action was thus properly commenced by summons and notice of motion pursuant to CPLR 3213 *(Kornfeld v NRX Technologies,* 93 AD2d 772, *affd* 62 NY2d 686).

The parol evidence rule precludes defendants from establishing that they were fraudulently induced to sign the note and that there was a subsequent failure of consideration *(see, Marine Midland Bank v Thurlow,* 53 NY2d 381).

Plaintiff's alleged failure to disclose its intention to leave the pepper trading business cannot amount to fraudulent concealment sufficient to defeat the motion, as the parties' brief business relationship was not a confidential one creating a duty to speak *(cf., Apple Records v Capitol Records,* 137 AD2d 50, 57).

Finally, upon the primary obligor's default the individual defendant was properly held liable under the guarantee of payment clause *(see, State of New York v Peerless Ins. Co.,* 117 AD2d 370, 373), which he signed in his individual capacity *(see, Republic Natl. Bank v GSO Inc.,* 177 AD2d 417, 418). Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.