■ EUROPEAN AMERICAN BANK, Appellant, v STRAB CONSTRUCTION CORP. et al., Respondents. [596 NYS2d 721] —In an action brought by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint to recover on five promissory notes, the plaintiff bank appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), entered December 26, 1990, which denied the motion.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment in the plaintiff's favor in the principal sum of $1,205,000, and for a hearing on the issue of attorneys' fees.

The plaintiff established a prima facie case by proof of the promissory notes and guarantees, as well as the defendants' failure to make payments in accordance with the terms of those instruments (see, *Coniglio v Regan,* 186 AD2d 708). The defendants were thus required to come forward with evidence showing the existence of a triable issue of fact (see, *Banner Indus. v Key B.H. Assocs.,* 170 AD2d 246), which they failed to do. The defense theory relies upon an alleged oral agreement, the enforcement of which is barred by the Statute of Frauds

*(see, Marine Midland Bank v Thurlow,* 53 NY2d 381; *Woodhouse, Drake & Carey [Trading] v Royal Intl. Trade,* 188 AD2d 315). Moreover, any alleged partial performance fails to remove the oral agreement from the Statute of Frauds, since the defendants' conduct was not "unequivocally referable" to the agreement alleged *(see, American Prescription Plan v American Postal Workers Union AFL-CIO Health Plan,* 170 AD2d 471). Accordingly, summary judgment in favor of the plaintiff bank is appropriate *(see,* CPLR 3213). Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur. [*See,* —AD2d— (Aug. 2, 1993).]