■ NORTH FORK BANK & TRUST COMPANY, Appellant, v JAY-ANN ASSOCIATES et al., Defendants, and ANNETTE GERBASI, Also Known as ANNETTE M. GERBASI, Respondent. [596 NYS2d 150] —In an action to recover on a promissory note and a written guarantee, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated February 6, 1991, which denied its motion, inter alia, for summary judgment against the defendant Annette Gerbasi.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which is for summary judgment against the defendant Annette Gerbasi is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment in favor of the plaintiff in the principal sum of $140,000, and for a hearing on the issue of attorneys' fees.

The defendants executed and delivered a promissory note and personal guarantees to the North Fork Bank & Trust Company (hereinafter the plaintiff). The Supreme Court de-

nied the plaintiff's motion for summary judgment against the defendant Annette Gerbasi, finding that questions of fact existed as to whether the guarantee signed by Gerbasi was supported by consideration, and whether Gerbasi was a partner of the defendant Jay-Ann Associates, the obligor on the promissory note.

We disagree. The uncontested documentary evidence submitted by the plaintiff demonstrates that Gerbasi's guarantee was supported by consideration in that it recites that the guarantor was giving the guarantee "in return for your doing and having done the following for Borrower: making loans, advances, extensions, renewals, acquiring notes and security documents and extending any other financial accommodation" *(see, Vernon v Winikoff,* 182 AD2d 753). Upon signing the guarantee, which we note was written in plain English, Gerbasi became personally liable to the plaintiff for Jay-Ann Associate's debts *(see, e.g., Woodhouse, Drake & Carey [Trading] v Royal Intl. Trade,* 188 AD2d 315). Her relationship to this entity is immaterial to her legal obligation. Accordingly, we conclude that denial of the plaintiff's motion was error and the order is reversed. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.