■ JOSEPH MARTORANO, Respondent-Appellant, v HERMAN MILLER, INC., et al., Appellants-Respondents, and MARK SOLO-

MON et al., Respondents. [680 NYS2d 20] —In an action to recover on a promissory note, the defendants Herman Miller, Inc., and Coro, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated September 16, 1997, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-appeals from so much of the same order as denied his cross motion for summary judgment and granted that branch of the motion of the defendants Mark Solomon and Specmark of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against the defendant Mark Solomon.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying the motion of the defendants Herman Miller, Inc., and Coro, Inc., and substituting therefor provisions granting the motion and dismissing the complaint insofar as it is asserted against those defendants, and (2) deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment against the defendant Specmark of New York, Inc., and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that Herman Miller, Inc., and Coro, Inc., are awarded one bill of costs payable by the plaintiff.

As the unsecured promissory note at issue was executed by Mark Solomon, the president of the defendant Specmark of New York, Inc. (hereinafter Specmark), in his representative capacity, summary judgment dismissing the cause of action which sought to hold Solomon personally liable on the note was properly granted (*see, Schmitz v MacDonald,* 250 AD2d 533; *Republic Natl. Bank v GSO, Inc.,* 177 AD2d 417). However, as there was no dispute that Specmark executed the promissory note and defaulted upon it, summary judgment should have been awarded to the plaintiff against Specmark upon the note.

There is no merit to the plaintiff's contention that the defendants Herman Miller, Inc., and Coro, Inc., are liable on the unpaid note as successors to Specmark after a de facto merger. Successor corporate liability after a de facto merger is relevant to products liability tort law but is inapplicable in an action to collect on a promissory note (*see, Symbax, Inc. v Bingaman,* 219 AD2d 552). Mangano, P. J., Miller, Thompson and Luciano, JJ., concur.