■ Lisa Marcus, Respondent, v Barry Marcus et al., Appellants. [793 NYS2d 375]—

Order, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered on or about September 28, 2004, which, inter alia, struck defendant estate's jury demand, and orders, same court and Justice, entered on or about September 24 and 28, 2004, which, inter alia, denied the estate's motions to compel disclosure from certain nonparty witnesses and to disqualify the law firm representing plaintiff, unanimously affirmed, with one bill of costs.

The estate waived its right to a jury trial by joining legal and equitable claims in both the Surrogate's Court and Supreme Court actions (see *O'Rorke v Carpenter*, 125 AD2d 223, 224 [1986]). The estate's motion to disqualify was properly denied as belated, where plaintiff's attorneys, in arranging for the sales to which the estate now objects, were acting pursuant to court orders, the estate had ample opportunity after the issuance of such orders and before the actual sales to object to the manner in which the orders were being implemented, and the motion was made a year after the sales, on the eve of trial (see *St. Barnabas Hosp. v New York City Health & Hosps. Corp.*, 7 AD3d 83, 94-95 [2004]). Concerning the nonparty witnesses, the estate claims that they are in possession of information pertinent to

its claims for damages against plaintiff's attorneys, but the attorneys are not parties to the action, and therefore cannot be held liable to the estate for damages. Concur—Mazzarelli, J.P., Marlow, Sullivan, Ellerin and Catterson, JJ.