■ AZAD ANAND, Appellant, v JACK WILSON, Respondent. [821 NYS2d 130]—

In an action to recover on a promissory note, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Peck, J.), dated May 23, 2005, which, after a nonjury trial, and upon a decision of the same court dated December 1, 2004, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the

facts, with costs, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment in favor of the plaintiff in the principal sum of $50,000.

As this case was tried to the court without a jury, this Court's power to review the evidence is as broad as that of the trial court, and this Court "may render [a] judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 133-134 [1930]). Upon our review of the record, we find that the evidence did not support the determination of the Supreme Court as it was clearly established that the defendant executed a promissory note in the sum of $50,000, payable to the plaintiff.

The plaintiff testified that the defendant executed the promissory note in exchange for the plaintiff's agreement to settle certain litigation with the defendant's employer for the sum of $100,000. The plaintiff also established that he paid the entire settlement amount of $100,000 to the defendant's employer and the. defendant never paid any amount to the plaintiff upon the promissory note becoming due. Accordingly, the evidence established the existence of the promissory note executed by the defendant, the unconditional terms of repayment, and the defendant's default (*see Bank of N.Y. v Vega Tech. USA, LLC,* 18 AD3d 678 [2005]; *Davis v Lanteri,* 307 AD2d 947 [2003]). The evidence does not support the defendant's contention that there was a lack of consideration for the promissory note. Consideration consists of either a benefit to the promisor or a detriment to the promisee. It is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made as consideration for the promise made to him (*see Weiner v Mc-Graw-Hill, Inc.,* 57 NY2d 458 [1982]; *Whitmore v Whitmore,* 8 AD3d 371 [2004]). A promisee who has incurred a specific, bargained-for legal detriment may enforce a promise against the promisor, notwithstanding the fact that the latter may have realized no concrete benefit as a result of the bargain (*see Holt v Feigenbaum,* 52 NY2d 291 [1981]). The evidence at trial established that the plaintiff incurred the legal detriment of giving up his right to a trial by settling the litigation with the defendant's employer for the sum of $100,000, which the plaintiff testified he would not have done but for the execution of the promissory note by the defendant.

The defendant's relationship with his employer, in terms of

whether he had a partnership interest or some other interest in the company which employed him, is immaterial to his legal obligation under the promissory note. Upon signing the note, the defendant became personally liable to the plaintiff for the amount of $50,000 (see *North Fork Bank & Trust Co. v Jay-Ann Assoc.*, 192 AD2d 590 [1993]).

Since the defendant's evidence failed to controvert the evidence presented by the plaintiff, judgment on the promissory note should have been awarded to the plaintiff. Adams, J.P., Ritter, Rivera and Covello, JJ., concur.