LORENZ DIVERSIFIED CORP., Respondent, v BETTY FALK et al., Appellants. [844 NYS2d 370]—

In an action to recover on a promissory note, the defendants appeal from a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated June 22, 2006, which, upon a decision of the same court dated May 18, 2006, made after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $35,268.56.

Ordered that the judgement is affirmed, with costs.

The Supreme Court properly awarded judgment to the plaintiff. The plaintiff established a prima facie case by submitting proof of the existence of a promissory note and the defendants' default (see Marinis v Scherr, 306 AD2d 448 [2003]; Two Lincoln Advisory Servs. v Shields, 293 AD2d 740, 741 [2002]; Central Islip Co-op. G.L.F. Serv. v Tsantes, 17 AD2d 852 [1962]). The defendants failed to controvert the evidence presented by the plaintiff (see Anand v Wilson, 32 AD3d 808 [2006]; Federal Fin. Co. v Rattoballi, 245 AD2d 335 [1997]) or establish the affirmative defense of full payment (see CPLR 3018 [b]; Two Lincoln Advisory Servs. v Shields, 293 AD2d at 741).

Contrary to the defendants' contention, even if the nonparty Benito Rish were under the plaintiff's control (cf. Hershkowitz v Saint Michel, 143 AD2d 809, 810 [1988]), the Supreme Court's

alleged refusal to draw an adverse inference from the plaintiff's failure to call him as a witness did not deprive the defendants of a fair trial. Rish's testimony would not have diminished the admitted genuineness of the promissory note, and would not have been probative of whether the note was satisfied through the defendants' alleged cash payments to the nonparty Felix Shiffman.

Moreover, and contrary to the defendants' further contention, since there was no evidence that Shiffman was acting as the plaintiff's agent, the Supreme Court properly excluded the hearsay testimony of the defendant Jeffrey Falk (*see Sujak v Buono*, 238 AD2d 405, 406 [1997]).

Similarly, the Supreme Court properly excluded the plaintiff's income tax returns from evidence, as the defendants failed to carry their burden of showing that "the relevant information possibly contained therein cannot be obtained from any alternative source, such as other financial or business records" (*Consentino v Schwartz*, 155 AD2d 640, 641 [1989]; *see Panasuk v Viola Park Realty, LLC*, 41 AD3d 804 [2007]; *Rubinfeld v Zwerling*, 261 AD2d 382 [1999]).

The defendants' remaining contentions are without merit. Spolzino, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.