■ Syndicated Communication Venture Partners IV, LP, Appellant, v BayStar Capital, L.P., Now Known as Northbay Opportunities, L.P., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [859 NYS2d 125]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered April 12, 2007, which, after a nonjury trial, dismissed the first amended complaint with prejudice, unanimously affirmed, with costs.

The court's dismissal of the complaint alleging, inter alia, minority shareholder oppression, fraud, breach of fiduciary duty, and misappropriation of trade secrets, is supported by a fair interpretation of the evidence (see Saperstein v Lewenberg, 11 AD3d 289 [2004]), and contrary to plaintiff's contention, the court made "essential" findings of fact in its decision to satisfy the requirements of CPLR 4213 (b) (see Marks v Macchiarola, 250 AD2d 499 [1998]).

The record supports the court's conclusion that plaintiff failed to prove breach of fiduciary duty or present evidence to overcome the protection afforded the directors under the business judgment rule (see e.g. Aronson v Lewis, 473 A2d 805, 812 [Del 1984], overruled on other grounds by Brehm v Eisner, 746 A2d 244 [Del 2000]). The evidence also did not support a finding of breach of fiduciary duty as to the corporate defendants, or in connection with the unsuccessful financing attempts. Rather, the evidence demonstrates that no affirmative steps were taken to hasten or cause the demise of the failed corporation (ClickRadio), and in fact, unsuccessful efforts to seek financing were made to save the corporation.

Plaintiff's cause of action for misappropriation of trade secrets was not supported by the evidence inasmuch as the assets that could be considered trade secrets, in particular ClickRadio's technology, were acquired at public auction for which plaintiff had notice, and plaintiff failed to establish that the remaining items constituted trade secrets (see Ashland Mgt. v Janien, 82 NY2d 395, 407 [1993]). Furthermore, although the court

dismissed plaintiff's fraud claims prior to trial, it provided plaintiff with the opportunity to prove the factual allegations at trial, which it was unable to do.

There is no basis upon which to disturb the court's determination that plaintiff failed to prove damages. Finding defendants' valuation expert to be more credible than plaintiff's expert, the court accepted the opinion that the company only had liquidation value (*see Felt v Olson*, 51 NY2d 977, 979 [1980]).

Plaintiff was not deprived of its right to a jury trial where plaintiff's joinder of claims for legal and equitable relief resulted in a waiver of the right to a jury trial (*see Marcus v Marcus*, 17 AD3d 219 [2005]).

Finally, "a trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (*Campbell v Rogers & Wells*, 218 AD2d 576, 579 [1995]), and contrary to plaintiff's assertions, there is no evidence of bias, vindictiveness, or any other action on the part of the court that deprived plaintiff of a fair trial.

We have considered plaintiffs' remaining contentions, including that the court improperly excluded certain evidence at trial, and find them unavailing. Concur—Lippman, P.J., Andrias, Nardelli, Acosta and DeGrasse, JJ.