■ ARIEL NESS, Respondent, v JAMES B. FELLUS, Appellant. [939 NYS2d 25]—

Plaintiff established his entitlement to summary judgment by producing the loan note for $500,000 executed by defendant on May 28, 2008 (note one) and demonstrating that defendant

failed to pay in accordance with the note's terms (*see* CPLR 3213; *Wachovia Bank, N.A. v Silverman*, 84 AD3d 611 [2011]). In opposition, defendant failed to present evidence to support his contention that the repayment obligations of note one were superceded or abrogated by a promissory note for $500,000 executed by defendant's company, Joab Capital, and plaintiff (note two) (*see e.g. Hirsch v Rifkin*, 166 AD2d 293 [1990]). The record shows that plaintiff transferred $500,000 to defendant personally after defendant had executed note one and that the transfer predated the execution of note two by at least 10 days and also predated defendant's purchase, using the loan funds, of shares of Jesup Lamont, Inc. (JLI) and the subsequent transfer of those shares to Joab Capital. Moreover, note 1 provides that "[t]he Borrower agrees to remain fully bound until this note shall be fully paid, notwithstanding any extension, modification or waiver given by the Lender in writing." Defendant offered no evidence that any modification, extension or waiver was given.

Defendant's argument that the loan under note one was in fact a disguised investment that plaintiff made in JLI, with defendant's assistance in the transaction, is refuted by the documentary evidence, including the language of the two notes and correspondence between the parties.

Defendant also failed to raise an issue of fact whether he signed note one in his personal capacity. There is no indication beneath defendant's signature on note one that he signed in his corporate capacity (*see e.g. Republic Natl. Bank of N.Y. v GSO Inc.*, 177 AD2d 417 [1991]). Nor can it be gleaned from the note's definition of "Borrower" that defendant signed in a corporate capacity. Indeed, in his affidavit, defendant did not claim to have signed the note in his capacity as a representative of Joab Capital. Moreover, in his May 29, 2008 e-mail to defendant, plaintiff stated that defendant was to sign note one in his personal capacity and to include his home address, and the record shows that plaintiff transferred the $500,000 to defendant in defendant's name and into his personal bank account. Concur—Andrias, J.P., Saxe, Acosta, Freedman and Richter, JJ.