# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**499**

**CA 11-01518**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

MICHAEL SINGH SANDU, PLAINTIFF-RESPONDENT,

V          MEMORANDUM AND ORDER

KULWINDER SINGH SANDU, DEFENDANT-APPELLANT.

---

JASON L. SCHMIDT, FREDONIA, FOR DEFENDANT-APPELLANT.

BORINS, HALPERN & PASKOWITZ, BUFFALO (MICHAEL PASKOWITZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an amended order and judgment (one paper) of the Supreme Court, Erie County (John A. Michalek, J.), entered October 14, 2010. The amended order and judgment granted the motion of plaintiff for summary judgment in lieu of complaint and granted plaintiff judgment in the sum of $37,500, plus interest, costs and disbursements.

It is hereby ORDERED that the amended order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an amended order and judgment that granted plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 and awarded him damages in the amount of the balance due on a promissory note executed by NANAK Hospitality, LLC (NANAK) and personally guaranteed by defendant, a partner of NANAK. We affirm.

Plaintiff met his initial burden on the motion by submitting the promissory note, which contained defendant's personal guarantee, and evidence of NANAK's default (see *LaMar v Vasile* [appeal No. 4], 49 AD3d 1218, 1219; *Di Marco v Bombard Car Co., Inc.*, 11 AD3d 960, 960-961). In opposition thereto, defendant failed to "come forward with evidentiary proof showing the existence of a triable issue of fact with respect to a bona fide defense of the note" (*Judarl v Cycletech, Inc.*, 246 AD2d 736, 737; see *Ring v Jones*, 13 AD3d 1078, 1078). Defendant's bare assertion that he does not recall signing the promissory note is insufficient to raise a triable issue of fact whether he personally guaranteed the note (see generally *John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 621; *Bank of Am. v Tatham*, 305 AD2d 183, 183). We reject defendant's contention that the personal guarantee was not supported by consideration inasmuch as defendant concedes that the promissory note was executed in exchange for plaintiff's release of his entire interest in NANAK, and defendant

benefitted from that release as a remaining partner of the company. We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court