■ GREEN APPLE MANAGEMENT CORP., Appellant, v JOHN ARONIS et al., Respondents. [943 NYS2d 221]—

In an action to recover on a promissory note, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Risi, J.H.O.), entered August 3, 2011, which, upon a decision of the same court dated August 3, 2009, made after a nonjury trial, is in favor of the defendants and against it, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

The plaintiff commenced this action to recover on a promissory note executed by the defendants John Aronis and Dimitrios Tsiavos. After a nonjury trial, the Supreme Court dismissed the action on the ground that there was a lack of consideration for the note. This was erroneous. The plaintiff met its initial burden of demonstrating entitlement to recovery on the note by submitting proof of the execution of the note and the defendants' default in making payments pursuant to the note (*see Carlin v Jemal*, 68 AD3d 655, 656 [2009]; *Levien v Allen*, 52 AD3d 578 [2008]; *Anand v Wilson*, 32 AD3d 808, 809 [2006]). With respect to the defense of lack of consideration, the defendants testified that they signed the note because the plaintiff's principal said that if they did not do so, he would put a company called Yellow Management Corp. (hereinafter Yellow Management) out of business by suspending insurance policies issued by Omega EMS Broker, Inc. (hereinafter Omega EMS), another company owned by the plaintiff's principal, based on the nonpayment of insurance premiums owed to Omega EMS. Aronis testified that he and Tsiavos were the co-owners of Yellow Management, while Tsiavos testified that Aronis was the sole owner of Yellow Management, and that Tsiavos was only an employee. Either way, the plaintiff's principal's promise to forbear putting Yellow Management out of business by canceling the insurance policies would constitute a benefit to both Aronis and Tsiavos (*see Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 464 [1982]; *Holt v Feigenbaum*, 52 NY2d 291, 299 [1981]; *Anand v Wilson*, 32 AD3d at 809).

In light of its determination, the Supreme Court did not make any determination with respect to the defendants' other defenses, including their defenses that the debt reflected in the promissory note was satisfied and that they signed the note under duress and as a result of fraudulent inducement. Under the circumstances of this case, the matter must be remitted to the

Supreme Court, Queens County, for a determination of the validity of these defenses. Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.