# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**651**

**CA 12-01858**

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

DASZ, INC., PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MERITOCRACY VENTURES, LTD., ARTHUR N. BAILEY,
U.S. COMMERCIAL HABITAT CO.,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

FIDELITY NATIONAL LAW GROUP, NEW YORK CITY (VANESSA R. ELLIOTT OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

ARTHUR N. BAILEY & ASSOCIATES, JAMESTOWN, AND FAHRINGER & DUBNO, NEW
YORK CITY (HERALD PRICE FAHRINGER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered December 14, 2011.  The order denied
plaintiff's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the motion is
granted.

Memorandum:  Plaintiff commenced this foreclosure action after
Meritocracy Ventures, Ltd. (Meritocracy), Arthur N. Bailey, and U.S.
Commercial Habitat Co. (Commercial Habitat) (collectively, defendants)
defaulted on a note executed by Bailey in his individual capacity and
as the sole shareholder of Meritocracy and on a mortgage executed by
Bailey as the president and sole shareholder of Meritocracy.
Meritocracy transferred the mortgaged properties to Commercial
Habitat.

We agree with plaintiff that Supreme Court erred in denying its
motion for summary judgment on the complaint.  Plaintiff met its
initial burden by submitting the note and mortgage together with an
affidavit of nonpayment (*see I.P.L. Corp. v Industrial Power & Light.
Corp.*, 202 AD2d 1029, 1029; *Rochester Community Sav. Bank v Smith*, 172
AD2d 1018, 1019, *appeal dismissed* 78 NY2d 909, *rearg dismissed* 78 NY2d
1005, *rearg granted and lv denied* 79 NY2d 887; *see also Overseas
Private Inv. Corp. v Nam Koo Kim*, 69 AD3d 1185, 1187, *lv dismissed* 14
NY3d 935).

"The burden then shifted to defendants to attempt to defeat

summary judgment by production of evidentiary material in admissible form demonstrating a triable issue of fact with respect to some defense to plaintiff's recovery on the note[] and [mortgage]" (*I.P.L. Corp.*, 202 AD2d at 1029; *see Rochester Community Sav. Bank*, 172 AD2d at 1019).  Bailey admitted in his affidavit that he signed the note and mortgage without first reading them, but asserted that only the signature pages of the documents were made available to him on the day he signed them and that the attorney who prepared the note and mortgage fraudulently misrepresented their contents.  It is well settled that " '[a] party is under an obligation to read a document before he or she signs it, and a party cannot generally avoid the effect of a [document] on the ground that he or she did not read it or know its contents' " (*Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788; *see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 11; *Pimpinello v Swift & Co.*, 253 NY 159, 162-163).  Moreover, "[a] signer's duty to read and understand that which it signed is not diminished merely because [the signer] was provided with only a signature page" (*Vulcan Power Co. v Munson*, 89 AD3d 494, 495, *lv denied* 19 NY3d 807 [internal quotation marks omitted]; *see M&T Bank v HR Staffing Solutions, Inc.* [appeal No. 2], 106 AD3d 1498, 1499).

Defendants have failed to proffer a valid excuse as to why the complete documents could not have been procured prior to their signing, and we conclude that the failure of Bailey, who we note is an attorney and a sophisticated party, to read the note and mortgage before signing them "prevents him from establishing justifiable reliance, an essential element of fraud in the execution" (*Sorenson v Bridge Capital Corp.*, 52 AD3d 265, 266, *lv dismissed* 12 NY3d 748; *see Morby v Di Siena Assoc.*, 291 AD2d 604, 605-606; *see generally Verstreate v Cohen*, 242 AD2d 862, 863; *Chase Lincoln First Bank v Mark Homes*, 170 AD2d 995, 995).  In addition, we further note that the signature page of the mortgage that Bailey admits signing states that it is a mortgage (*see M&T Bank*, 106 AD3d at 1500).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court