■ GREEN APPLE MANAGEMENT CORP., Respondent, v JOHN ARONIS et al., Appellants. [996 NYS2d 316]—

In an action to recover on a promissory note, the defendants separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), entered November 8, 2012, as, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $679,807.54.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly awarded judgment to the plaintiff. On a prior appeal, this Court reversed a judgment in favor of the defendants, and found that the plaintiff met its initial burden of demonstrating entitlement to recovery on the subject note by submitting proof of the execution of the note and the defendants' default in making payments pursuant to the note (see Green Apple Mgt. Corp. v Aronis, 95 AD3d 826 [2012]; Levien v Allen, 52 AD3d 578 [2008]; Anand v Wilson, 32 AD3d 808, 809 [2006]). Additionally, this Court, in reversing the determination of the Supreme Court, found that the defendants had not established the defense of lack of consideration, and remitted the matter for a determination as to the validity of the defendants' other defenses (see Green Apple Mgt. Corp. v Aronis, 95 AD3d at 827-828). On remittal, the defendants failed to establish the defense that the debt reflected in the promissory note was satisfied (see Lorenz Diversified Corp. v Falk, 44 AD3d 910 [2007]), or that they signed the note under duress (see Precision Mech. v Dormitory Auth. of State of N.Y., 5 AD3d 653, 654 [2004]) or as a result of fraudulent inducement (see Golden Stone Trading, Inc. v Wayne Electro Sys., Inc., 67 AD3d 731, 733 [2009]).

Further, the comments made by the Supreme Court to the attorney for the defendant Dimitrios Tsiavos during the attorney's summation did not deprive the defendants of a fair trial (see McGowan v Great N. Ins. Co., 105 AD3d 714, 716 [2013]; Ying Jing Yan v Ke-en Wang, 85 AD3d 448, 449 [2011]; Rizzo v Kay, 79 AD3d 1001 [2010]; Syndicated Communication Venture Partners IV, LP v BayStar Capital, L.P., 51 AD3d 546, 547 [2008]). Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.