Nassau County v New York State Urban Dev. Corp. (2018 NY Slip Op 00300)





Nassau County v New York State Urban Dev. Corp.


2018 NY Slip Op 00300


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-04788
 (Index No. 2750/04)

[*1]Nassau County, respondent-appellant, 
v
New York State Urban Development Corporation, doing business as Empire State Development Corporation, et al., appellants-respondents, et al., defendants (and third-party actions).


Eric T. Schneiderman, Attorney General, Albany, NY (Barbara D. Underwood, Andrew D. Bing, and Owen Demuth of counsel), for appellants-respondents.
Sinnreich, Kosakoff & Messina LLP, Central Islip, NY (Jarrett M. Behar of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants New York State Urban Development Corporation, doing business as Empire State Development Corporation, and Dormitory Authority of the State of New York appeal from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), entered April 6, 2015, as denied that branch of their motion which was for summary judgment dismissing the fifth cause of action, and the plaintiff cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as granted that branch of the motion of the defendants New York State Urban Development Corporation, doing business as Empire State Development Corporation, and Dormitory Authority of the State of New York which was for summary judgment dismissing the first cause of action.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the defendants New York State Urban Development Corporation, doing
business as Empire State Development Corporation, and Dormitory Authority of the State of New York which was for summary judgment dismissing the first cause of action is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
This action concerns the design and construction of a natatorium in Nassau County (hereinafter the Aquatic Center) in support of New York State's bid for the 1998 Goodwill Games. The State Legislature appropriated $24 million of state funds to the defendant New York State Urban Development Corporation, doing business as Empire State Development Corporation (hereinafter UDC), to manage the design and construction of the Aquatic Center. UDC, in turn, assigned the management of the design and construction of the Aquatic Center to the defendant Dormitory Authority of the State of New York (hereinafter DASNY). The Aquatic Center was to be constructed on parkland owned by the plaintiff, Nassau County, which had been donated for that [*2]specific purpose, and, upon completion of construction, the Aquatic Center would be owned by the County, which would be solely responsible thereafter for its operation and maintenance. The construction of the Aquatic Center was completed in 1998. The Aquatic Center hosted the 1998 Goodwill Games and opened to the general public later that year.
The County commenced this action asserting, inter alia, a cause of action to recover damages for breach of contract against UDC (hereinafter the first cause of action) based on an agreement dated February 1, 1996, entered into between the County and UDC (hereinafter the County-UDC Agreement). The County also asserted a cause of action to recover damages for breach of contract against DASNY (hereinafter the fifth cause of action), alleging that it was a third-party beneficiary of an agreement dated February 2, 1996, entered into between UDC and DASNY (hereinafter the UDC-DASNY Agreement). The amended complaint alleged, in relevant part, that UDC and DASNY, which were responsible for overseeing the design and construction of the Aquatic Center, failed to ensure that it was properly designed and constructed in a good and workmanlike manner.
UDC and DASNY moved, inter alia, for summary judgment dismissing the first and fifth causes of action. The Supreme Court, among other things, granted that branch of the motion which was for summary judgment dismissing the first cause of action and denied that branch of the motion which was for summary judgment dismissing the fifth cause of action. UDC and DASNY appeal, and the County cross-appeals.
Turning first to the appeal of UDC and DASNY, the primary question before us is whether the Supreme Court erred in finding that they failed to establish, as a matter of law, that the County was not a third-party beneficiary of the UDC-DASNY Agreement. Even assuming that the motion papers were sufficient to establish, prima facie, that the County was not a third-party beneficiary of the UDC-DASNY Agreement, the County, based on the provisions of the UDC-DASNY Agreement and the circumstances surrounding that agreement (see Cutler v Hartford Life Ins. Co., 22 NY2d 245, 253), raised triable issues of fact (see Staten Is. N.Y. CVS, Inc. v Gordon Retail Dev., LLC, 57 AD3d 760, 763; Dormitory Auth. of State of N.Y. v Baker, Jr., of N.Y., 218 AD2d 515, 516). UDC and DASNY's remaining contention is without merit. Thus, the court properly denied that branch of the motion which was for summary judgment dismissing the fifth
cause of action, alleging breach of contract against DASNY.
Turning to the County's cross appeal, the only question before us is whether the County-UDC Agreement is supported by valid consideration. The Supreme Court, in relevant part, accepted the contention of UDC and DASNY that the County-UDC Agreement was unenforceable for lack of consideration. Specifically, they contended that UDC's actions in connection with the design and construction of the Aquatic Center were undertaken solely as a result of UDC's statutory duty to implement the legislative appropriation of $24 million to complete the Aquatic Center project. In other words, UDC claimed that it received no benefit from its participation in the project, and that none of its actions were the result of a bargained-for exchange with the County. We disagree.
At the outset, while the project documents are silent as to any compensation, financial or otherwise, received by UDC for its management of the project, UDC and DASNY failed to produce evidentiary materials in admissible form to support the contention that UDC received no such compensation. In any event, even assuming that UDC did not receive anything of value for its role in the project, this does not establish, as a matter of law, that the County-UDC Agreement is invalid for lack of consideration. " Consideration consists of either a benefit to the promisor or a detriment to the promisee. It is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made as consideration for the promise made to him [or her]'" (Dee v Rakower, 112 AD3d 204, 210, quoting Anand v Wilson, 32 AD3d 808, 809). The detriment suffered or the thing promised need not benefit the promisee or a third party, or be of substantial value to anyone (see Weiner v McGraw-Hill, Inc., 57 NY2d 458).
Here, there is evidence in the record that the $24 million appropriation proved insufficient to complete the Aquatic Center, and but for the County's promise to fund future cost overruns, which was specifically incorporated into the County-UDC Agreement, the project could [*3]not have gone forward as planned. In fact, the cost-overrun provision of the County-UDC Agreement bears all the hallmarks of a negotiated agreement. It makes clear that the County bears no responsibility for any portion of a cost overrun attributable to any fees payable to either UDC or DASNY, and it requires UDC to refund any overpayment of a cost overrun to the County upon completion of the project. Contrary to the contention of UDC and DASNY, the County's promise to fund future cost overruns constitutes a "specific, bargained-for legal detriment" (Anand v Wilson, 32 AD3d at 809).
Thus, the Supreme Court erred in granting that branch of the motion which was for summary judgment dismissing the first cause of action, alleging breach of contract against UDC.
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court