ABR Wholesalers, Inc. v King (2019 NY Slip Op 03519)





ABR Wholesalers, Inc. v King


2019 NY Slip Op 03519


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1367 CA 18-01192

[*1]ABR WHOLESALERS, INC., PLAINTIFF-RESPONDENT,
v
GENA M. KING, DEFENDANT-APPELLANT, MICHAEL J. WOODWARD, JR., AND HUGHESCO OF BUFFALO, INC., DEFENDANTS. 






BARCLAY DAMON LLP, BUFFALO (GREGORY ZINI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GETMAN & BIRYLA, LLP, BUFFALO (AARON R. WALKOW OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered September 26, 2017. The order, among other things, granted plaintiff's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant Hughesco of Buffalo, Inc. (Hughesco) owed nearly $90,000 on its credit account with plaintiff for goods and materials that it had purchased prior to the death of its owner. After the owner's death, plaintiff requested that defendants Gena M. King, the owner's stepdaughter, and Michael J. Woodward, Jr., the then-operator of Hughesco, execute a promissory note in favor of plaintiff for the outstanding balance, in exchange for which plaintiff would continue to supply goods and materials to Hughesco on credit. King and Woodward signed the note, and three payments were made in accordance with the terms thereof. When payments ceased, plaintiff commenced this action seeking to enforce the note and to recover the balance owed. King appeals from an order granting plaintiff's motion for summary judgment on the complaint and denying her cross motion for summary judgment dismissing the complaint against her. We affirm.
Contrary to King's contention, we conclude that plaintiff met its initial burden by submitting a copy of the note and an affidavit from its director of finance attesting to King's failure to repay the note in accordance with its terms (see Quadrant Mgt. Inc. v Hecker, 102 AD3d 410, 410 [1st Dept 2013]; Sandu v Sandu, 94 AD3d 1545, 1546 [4th Dept 2012]; see also Thor Gallery At S. DeKalb, LLC v Reliance Mediaworks [USA] Inc., 143 AD3d 498, 498 [1st Dept 2016]). Thus, the burden shifted to King to "come forward with evidentiary proof showing the existence of a triable issue of fact with respect to a bona fide defense of the note" (Sandu, 94 AD3d at 1546 [internal quotation marks omitted]; see Lamar v Vasile [appeal No. 4], 49 AD3d 1218, 1219 [4th Dept 2008]; Moezinia v Baroukhian, 247 AD2d 452, 453 [2d Dept 1998]). Although "lack of consideration . . . and fraud in the inducement . . . may be bona fide defenses to a promissory note" (Creative Culinary Concepts, LLC v Sam Greco Constr., Inc., 134 AD3d 1294, 1295 [3d Dept 2015]), here, King failed to raise triable issues of fact with respect to the existence of either defense (see id.).
King contends that Supreme Court erred in granting plaintiff's motion and denying her cross motion because her execution of the promissory note was unsupported by consideration. We reject that contention. "Consideration consists of either a benefit to the promisor or a detriment to the promisee" (Anand v Wilson, 32 AD3d 808, 809 [2d Dept 2006]; see Weiner v [*2]McGraw-Hill, Inc., 57 NY2d 458, 464 [1982]). " [I]t is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made as consideration for the promise made to him' " (Weiner, 57 NY2d at 464, quoting Hamer v Sidway, 124 NY 538, 545 [1891]; see Anand, 32 AD3d at 809). Although King asserts that she would not receive any significant financial benefit from Hughesco's continued viability, she concedes in her affidavit that she signed the note because she had "some concern for Hughesco's employees" and wanted to keep Hughesco in business. In so doing, she confirmed that plaintiff's promise to continue to supply materials on credit, which is "ample consideration" (Movado Group v Presberg, 259 AD2d 371, 371 [1st Dept 1999], lv dismissed 94 NY2d 794 [1999]), was something she sought to secure by executing the note.
King further asserts that the court erred in granting plaintiff's motion because there are issues of fact concerning whether plaintiff misrepresented the note as a guaranty for future credit purchases. We also reject that contention. Such a contention constitutes one for fraud in the factum, also known as fraud in the execution, i.e., "that the [party] was induced to sign something entirely different than what [the party] thought [he or] she was signing" (Ackerman v Ackerman, 120 AD3d 1279, 1280 [2d Dept 2014]; see Dasz, Inc. v Meritocracy Ventures, Ltd., 108 AD3d 1084, 1084-1085 [4th Dept 2013]; see generally UCC 3-305, Official Comment 7). However, "[a] party to a writing is presumed to have read and understood the document which he [or she] signed" (Marine Midland Bank v Idar Gem Distribs., 133 AD2d 525, 526 [4th Dept 1987]) and, absent some impairment, cannot justifiably rely on another's representation that the words used in the relevant document mean something other than what they plainly state (see Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 856 [2d Dept 2018]; Ackerman, 120 AD3d at 1280; see also Dasz, Inc., 108 AD3d at 1084-1085; Sorenson v Bridge Capital Corp., 52 AD3d 265, 266 [1st Dept 2008], lv dismissed 12 NY3d 748 [2009]; Norstar Bank of Upstate NY v Office Control Sys., 165 AD2d 265, 268 [3d Dept 1991]). Here, the one-page, seven-sentence, conspicuously-labeled promissory note that King signed and twice initialed clearly articulated the obligation she
was agreeing to assume.
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court