18-3633-bk
*Levine v. Trumbull (In re: Timothy Stallmer)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
                BARRINGTON D. PARKER,
                RICHARD J. SULLIVAN,
                   *Circuit Judges.*

-----------------------------------------------------------------

IN RE: TIMOTHY STALLMER,

           *Debtor*.

-----------------------------------------------------------------

PAUL A. LEVINE, CHAPTER 7 TRUSTEE,

           *Plaintiff-Appellant,*

v.                                        No. 18-3633-bk

CHRISTOPHER S. TRUMBULL, JENNIFER
A. TRUMBULL, FATIMA LOBO,

                    *Defendants-Appellees.*
-----------------------------------------------------------------

FOR APPELLANT:                JAVIER J. MENDEZ (Paul A. Levine,
                              *on the brief*), Lemery Greisler, LLC,
                              Albany, NY.

FOR APPELLEES:                CHRISTOPHER A. PRIORE (Peter A.
                              Lauricella, *on the brief*), Wilson, Elser,
                              Moskowitz, Edelman & Dicker LLP,
                              Albany, NY.

Appeal from a judgment of the United States District Court for the Northern

District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **AFFIRMED**.

Paul A. Levine, Chapter 7 trustee for debtor Timothy Stallmer ("Debtor"),

appeals from an order of the district court (D'Agostino, *J.*) affirming the bankruptcy

court's grant of summary judgment in favor of Defendants-Appellees Christopher

Trumbull, Jennifer Trumbull, and Fatima Lobo.  In the underlying bankruptcy

proceeding, the Trustee filed a complaint seeking to quiet title to property located

at 170 Glass Lake Road in Averill Park, New York ("the Property"), claiming, *inter*

2

*alia*, that the deed under which Debtor conveyed the Property ("the RFL deed") to Richard F. Lease – who subsequently conveyed the Property and assigned a mortgage on the Property to Defendants – was executed under false pretenses and thus void. Specifically, the Trustee alleged that Debtor's wife, Marcia Doyle, tricked Debtor into executing the RFL deed by asking him to sign documents for the stated purpose of obtaining a loan, without telling him that one of the documents would in fact convey title in the Property to Lease. The bankruptcy court (Littlefield, *J.*) granted Defendants' motion for summary judgment, concluding that the RFL deed was not executed under the false pretense that it was a different type of document and thus void, but instead was, at most, fraudulently induced and thus voidable. The Trustee appealed under 28 U.S.C. § 158(a)(1) to the district court, which affirmed. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal from the district court's review of a bankruptcy court decision, "[w]e look through the district court to the bankruptcy court's decision, and review its analysis of law *de novo*." *In re DBSD N. Am., Inc.*, 634 F.3d 79, 94 (2d Cir. 2011).

3

"It is axiomatic, however, that we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the [bankruptcy] court." *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 68 (2d Cir. 1991) (internal quotation marks and citation omitted). In reviewing the bankruptcy court's grant of summary of judgment, we must determine "whether, viewing the record in the light most favorable to the non-movant, . . . any genuine and disputed issue of material fact underlies the bankruptcy court's decision." *In re Treco*, 240 F.3d 148, 155 (2d Cir. 2001). "Summary judgment is appropriate if 'there is no genuine dispute as to any material fact' and 'the movant is entitled to judgment as a matter of law.'" *Ennio Morricone Music Inc. v. Bixio Music Grp. Ltd.*, 936 F.3d 69, 71 (2d Cir. 2019) (quoting Fed. R. Civ. P. 56(a)); *see also* Fed. R. Bankr. P. 7056 (providing that Fed. R. Civ. P. 56 applies in adversary bankruptcy proceedings).

On appeal, the Trustee argues that there are material issues of fact concerning whether the RFL deed is void, rather than merely voidable. As the parties do not dispute, New York law governs this question. *See, e.g.*, *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011). Under New York law, "[t]he

4

difference . . . between a void deed and a voidable deed is important" because it affects a party's ability to quiet title against a subsequent bona fide purchaser. *Weiss v. Phillips*, 65 N.Y.S.3d 147, 155 (App. Div. 2017). If a deed is void, "the law deems that no transfer actually occurred" and thus the deed "does not pass title and cannot be enforced even if title is later acquired by a bona fide purchaser." *Id.* As relevant here, a deed is void if it was executed under false pretenses – that is, if the signer of the deed was "unaware of the nature of the instrument he or she was signing, such as where the signer is illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him by the other party, or even by a stranger."[1] *Cash v. Titan Fin. Servs., Inc.*, 873 N.Y.S.2d 642, 645 (App. Div. 2009) (internal quotation marks and citation omitted). In contrast, if the signer was aware that he was signing a deed, but was misled as to the deed's purpose, then the deed is deemed to be procured by fraudulent inducement and is merely voidable. *See Weiss*, 65 N.Y.S.3d at 156. In that event, a subsequent bona fide purchaser is protected under New York Real Property Law

---

[1] Under New York law, a signature procured under false pretenses is tantamount to a forged signature. *See Weiss*, 65 N.Y.S.3d at 155–56 ("Forged deeds and/or encumbrances are those executed under false pretenses, and are void ab initio."). Thus, we construe the forgery and false-pretenses arguments to raise the same issue on appeal.

§ 266. *See id.*

Here, the bankruptcy court concluded that there was no triable dispute that the RFL deed "was the result of fraudulent inducement because the debtor stated that he knew he was signing a deed but was unaware that the property would be transferred to the Lease." Special App'x at 7. The court based that conclusion in part on the following sworn statement, which Debtor gave to the Albany County District Attorney's Office during a criminal investigation of Doyle in October 2014:

> One day Marcia called me to meet her in front of the Capitol and I met her. *She wanted me to sign the deed* to 170 Glass Lake Road Averill Park. The name of the person was Richard Lease and he was going to loan Marcia $10,000.00 and would hold the lease; [*sic*] deed. I found out later it was actually for the sale of the house.

App'x at 181 (emphasis added). On appeal, the Trustee contends that this statement does not unambiguously establish that Debtor knew he was signing a deed at the time he signed it, particularly in light of his subsequent deposition testimony that he "didn't know [he] was signing a deed," but instead "thought [he] was signing a note of some sort and [] later learned that it was the deed." App'x at 461. However, the Trustee's attorney submitted an affirmation to the bankruptcy court stating that "*[Debtor]'s testimony is that he thought he was signing a*

*deed* because his wife needed a loan . . . ." App'x at 530 (emphasis added).

But even if there were a genuine dispute over whether Debtor actually knew he was signing a deed, any such dispute would not be "material," since Doyle's false representations did not relieve Debtor of his obligation to read the three-page document. Under New York law, "[i]t is well settled that 'a party is under an obligation to read a document before he or she signs it, and a party cannot generally avoid the effect of a document on the ground that he or she did not read it or know its contents.'" *Dasz, Inc. v. Meritocracy Ventures, Ltd.*, 969 N.Y.S.2d 653, 655 (App. Div. 2013) (brackets omitted) (quoting *Cash*, 873 N.Y.S.2d at 645). As noted above, this rule applies even where a party is misled as to the contents of the document, unless that party has a valid excuse for not reading it, "such as where the signer is illiterate, or blind, or ignorant of the alien language of the writing." *Cash*, 873 N.Y.2d at 645 (rejecting, on summary judgment, plaintiffs' claim that defendants fraudulently procured a deed that one plaintiff signed without reading). Here, the Trustee offers no valid excuse for Debtor's failure to read the RFL deed, which: (1) was titled "Bargain and Sale Deed, with Covenants against Grantor's Acts;" (2) stated that Debtor "does hereby grant and release unto [Richard Lease]" the

7

Property; (3) further stated that Debtor "has duly executed this deed;" and (4) included Debtor's undisputed signature under the word "Grantor." App'x at 37–38. Further, the deed he signed was accompanied by an affidavit that he was asked to sign – and did sign – titled "AFFIDAVIT FOR DEED IN LIEU OF FORECLOSURE." App'x at 172. On this record, we conclude that the RFL deed is not void under New York law, and thus the bankruptcy court did not err in granting Defendants' motion for summary judgment.

We find that the Trustee's remaining arguments are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8