■ THOMAS R. BARILLARI et al., Appellants, v PHILIP HALPERN, Respondent.—Order insofar as appealed from unanimously reversed on the law with costs, motions granted and cross motion denied. Memorandum: In this action by plaintiffs to enforce a promissory note against defendant, plaintiffs appeal from those parts of an order that denied their motion for summary judgment, failed to address their request to increase their demand for damages, and granted defendant's cross motion to consolidate the proceeding with two related actions.

Plaintiffs are entitled to summary judgment on the note. The defenses of failure of consideration and fraud are not meritorious; therefore, neither is sufficient to raise a triable question of fact. Defendant's allegation, that the note was executed in consideration of plaintiff's promise to allow the corporation to continue using the facilities of First Elmwood, contradicts the parties' written agreement and thus runs afoul of the parol evidence rule. Similarly, the defense of fraud is conclusively refuted by admissions of defendant's affiant, Robert Reis. In his affidavit and in his February 11, 1991 letter, Reis admits that, before the note was executed, he was aware that Sable had been hired to do certain site work; that Barillari was a one-half owner of Sable; that Sable's work was inadequate and its charges inflated; and that Barillari had drawn a $60,000 check payable to Sable for some of that work. Reis also admitted that he was aware of the "substituted" proposal. Finally, it appears that the mechanic's liens were not filed until April, 1991 at the earliest. Thus, the foregoing facts and circumstances could not have been the subject of any misrepresentations preceding execution of the note on March 6, 1991.

Inasmuch as plaintiff's motion for summary judgment should have been granted, this action should not be consolidated with the two related actions. Further, the motion to amend to increase the ad damnum should have been granted. The proposed amendment is clearly meritorious, and defendant will not be prejudiced thereby *(see,* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Doerr, JJ.