■ I.P.L. CORP., Appellant, v INDUSTRIAL POWER AND LIGHTING CORP. et al., Respondents. [609 NYS2d 472] —Order unanimously reversed on the law with costs, plaintiff's motion granted and defendants' motion denied. Memorandum: In this action by plaintiff to recover on two promissory notes and guarantees executed by defendants, plaintiff appeals from an order denying its motion for summary judgment and granting defendants' motion to consolidate this action with a related action. We conclude that plaintiff is entitled to summary judgment allowing it to recover on the notes and guarantees. Plaintiff had the initial burden to establish entitlement to judgment as a matter of law by tender of evidentiary material in admissible form (see, CPLR 3212 [b]). Plaintiff sustained that burden by submitting the notes and guarantees, together with an affidavit of nonpayment (see, Rochester Community Sav. Bank v Smith, 172 AD2d 1018, 1019, lv dismissed 78 NY2d 909, rearg dismissed 78 NY2d 1005, rearg granted and lv denied 79 NY2d 887; Shields v Stevens, 55 AD2d 1017). The burden then shifted to defendants to attempt to defeat summary judgment by production of evidentiary material in admissible form demonstrating a triable issue of fact with respect to some defense to plaintiff's recovery on the notes and guarantees (see, Rochester Community Sav. Bank v Smith, supra).

Defendants failed to meet their burden. The proof submitted by defendants in opposition to the motion consisted of unsubstantiated allegations and mere conclusions that were lacking in evidentiary support and thus insufficient to defeat summary judgment (see, Rochester Community Sav. Bank v Smith, supra; Hackensack Cars v Beverly, 140 AD2d 254, lv dismissed 72 NY2d 1041, rearg denied 73 NY2d 872). Additionally, many of defendants' contentions constitute attempts to contradict the terms of the integrated agreement (see, Barillari v Halpern, 190 AD2d 1010). Defendants allege that certain goods conveyed pursuant to the contract were defective. That allegation is insufficient to raise a triable question of fact because there is no showing that plaintiff either expressly or impliedly

warranted the value or condition of the goods and no proof supporting the conclusion that items were defective. Defendants further contend that goods intended to be conveyed under the contract were not conveyed. That contention is too vague and conclusory to warrant a trial. Further, the "understanding" of defendants' affiant, Simon, a nonparty to the contract, is irrelevant. Defendants allege that plaintiff breached an express warranty of the title to a "1984 bucket truck". Defendants make that contention by way of allegation in the unverified complaint in a parallel action; it is not supported by the affidavit of anyone with personal knowledge. In any event, the contract did not include a 1984 bucket truck. With respect to a 1974 bucket truck conveyed by the contract, plaintiff established by the affidavit of its principal and by title and registration documents that it transferred good title to that vehicle.

There is no merit to defendants' contention that plaintiff made misrepresentations and breached express warranties with respect to its "good will". Further, defendants did not establish that any lawsuit was pending or threatened at the time of the contract. Finally, there is no merit to defendants' contention that the failure of plaintiff to reveal its unemployment claims experience constituted a breach of its contractual warranty that plaintiff had paid all taxes and any accrued employee connected liabilities. The negative balance of plaintiff's "employer's account" did not represent a tax liability or deficiency, but represented a negative unemployment claims experience that resulted in a future increase in premiums.

"Inasmuch as plaintiff's motion for summary judgment should have been granted, this action should not be consolidated with the * * * related" action *(Barillari v Halpern, supra,* at 1011). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.