■ NICOLETTI'S CUSTOM KITCHENS, INC., Plaintiff, v JEN-NIFER A. CLARK et al., Defendants. JENNIFER A. CLARK et al., Third-Party Plaintiffs-Appellants, v ANTHONY J. NICOLETTI et al., Third-Party Defendants, and NAPPANEE INVESTMENT GROUP, INC., Doing Business as COPPES NAPPANEE COMPANY, et al., Third-Party Defendants-Respondents. [732 NYS2d 211] —Appeal unanimously dismissed without costs (*see, Reyes-Dobles v Chaudhry*, 176 AD2d 1240; *see also, Low v Peach*, 179 AD2d 1094). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Vacate Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.

■ MANUFACTURERS AND TRADERS TRUST COMPANY, as Successor in Interest to ONBANK & TRUST CO., Respondent, v TRUE-TONE SOUND, INC., et al., Defendants, and RUSSELL L. SUTPHEN TRUST, Appellant. (Appeal No. 1.) [732 NYS2d 211] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover under two promissory notes and guarantees executed by defendants. Supreme Court properly granted plaintiff's motion seeking summary judgment on the complaint and dismissal of the answers of defendants True-Tone Sound, Inc. (True-Tone) and Russell L. Sutphen Trust (Sutphen Trust). Plaintiff met its initial burden on the motion by submitting copies of the promissory notes and guarantees, as well as an affidavit from its vice president establishing the nonpayment of the notes (*see, American Network Leasing Corp. v Prozeralik*, 245 AD2d 1135; *I.P.L. Corp. v Industrial Power & Light. Corp.*, 202 AD2d 1029). In opposition to the motion, True-Tone and Sutphen Trust failed to meet their burden of establishing a bona fide defense to their nonpayment of the notes (*see, I.P.L. Corp. v Industrial Power & Light. Corp., supra,* at 1029). Sutphen Trust contends that plaintiff improperly assessed late fees on the loans and service charges with respect to True-Tone's checking account with plaintiff. Even assuming, arguendo, that plaintiff improperly assessed those late fees and service charges, we nevertheless disagree with Sutphen Trust that it was therefore entitled to discontinue its payments on the notes. (Appeal from Judgment of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.