*35 OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, order dated March 17, 2006 granting plaintiff’s motion for summary judgment vacated insofar as it awarded plaintiff the principal sum of $2,574.46 and matter remanded to the court below for an assessment of damages in accordance with the decision herein.
In this action for money owed pursuant to a contract to purchase study guides and tutorial assistance, the court below properly granted plaintiff’s motion for summary judgment. Plaintiff made out a prima facie case of entitlement to judgment as a matter of law, setting forth the terms of the contract and defendant’s failure to make payment in accordance therewith. Defendant’s opposition, consisting only of a conclusory statement that she returned the merchandise because she was dissatisfied with it, was insufficient to raise a triable issue of fact as to liability (see Zuckerman v City of New York, 49 NY2d 557 [1980]; I.P.L. Corp. v Industrial Power & Light. Corp., 202 AD2d 1029 [1994]).
However, contrary to the determination of the court below, plaintiff is not entitled to an award representing the entire contract price. The contract at issue does not represent a simple sale of materials to defendant with payment to be made on an installment basis. Rather, materials were to be provided to defendant sequentially, apparently as she attended the corresponding classes in a college setting, in order to tutor her in the work involved in each course.
Plaintiff is a correspondence school, as such term is defined in Personal Property Law § 412-a, by offering an ongoing tutoring program connected to a student’s enrollment at a formal institution of higher education, and providing its own materials in stages in accordance with a student’s progress. As such, the contract constitutes a contract for future consumer services as the term is defined in Personal Property Law § 412-a. This section provides:
“Cancellation of contracts for future consumer services
“1. Contract for future consumer services. As referred to in this section, the term ‘contract for future consumer services’ shall mean any contract entered into for consumer services to be performed in the future on a lesson-by-lesson or class-by-class *36 basis and offered, sold or provided by correspondence schools which for the purposes of this section shall mean any plan or method used by any person or persons, firm, corporation or other organization for giving instruction in any form or manner by correspondence under contract.”
Accordingly, the statutory remedy set forth in section 412-a applies herein. This provision provides in pertinent part:
“2. No person, including any business entity, may contract to receive, or demand, in the event of cancellation of a contract for future services, more than the total of:
“(a) five percent of the cash price, but not to exceed fifty dollars, and
“(b) a pro rata portion of the total price, representing the proportion of services used or completed.
“In addition, the seller may receive or demand the cost of any ancillary goods which the buyer has consumed or wishes to retain after cancellation of the contract. In no instance shall the seller collect more than the full contract price from the buyer.”
Defendant in the present matter only received and used materials corresponding to one college course before indicating her wish to cancel the agreement. Plaintiff is not entitled to recover the entire purchase price as set forth in the contract, reflecting the cost of all of the materials and any accompanying instruction and assistance, as it seeks to do herein, but is limited to the amounts set forth in Personal Property Law § 412-a. Accordingly, the matter is remanded to the court below for an assessment of damages.
Rudolph, RJ., McCabe and Lippman, JJ., concur.