# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**746**
**CA 13-00059**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

BRANDYWINE PAVERS, LLC, PLAINTIFF-RESPONDENT,

V                                         MEMORANDUM AND ORDER

PAT J. BOMBARD, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

ROMEO & ROMEO, P.C., SYRACUSE (ROBERT A. ROMEO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

HINMAN, HOWARD & KATTELL, LLP, BINGHAMTON (THOMAS W. CUSIMANO, JR., OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an amended judgment of the Supreme Court, Onondaga
County (John C. Cherundolo, A.J.), entered November 15, 2012 in a
foreclosure action. The amended judgment, inter alia, directed the
Referee to sell the subject real property as one parcel.

It is hereby ORDERED that the amended judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to foreclose on a
mortgage that was secured by property owned by Pat J. Bombard
(defendant). Supreme Court properly granted plaintiff's motion to
amend the judgment of foreclosure to permit the sale of all of the
premises described in plaintiff's summons and complaint and directed
the Referee to sell the premises as one parcel. Contrary to
defendant's contention, plaintiff's motion was not one seeking leave
to renew its motion for summary judgment on the complaint, but rather
was a motion to amend or modify the judgment (*see* CPLR 2221 [a], [e]).
To the extent that defendant challenges the propriety of the court's
prior order granting plaintiff's motion for summary judgment,
defendant is precluded from raising those challenges because his
appeal from that prior order was dismissed for want of prosecution
(*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754-756; *Bray
v Cox*, 38 NY2d 350, 355).

In any event, even if we were to consider plaintiff's challenges
in the exercise of our discretion (*see Knauer v Anderson*, 2 AD3d 1314,
1314-1315, *affd sub nom. Rubeis v Aqua Club, Inc.*, 3 NY3d 408), we
would conclude that they are without merit. Plaintiff met its initial
burden on the summary judgment motion by submitting the note and
mortgage together with an affidavit of nonpayment (*see Manufacturers &
Traders Trust Co. v True-Tone Sound* [appeal No. 1], 288 AD2d 951, 951;

*I.P.L. Corp. v Industrial Power & Light. Corp.*, 202 AD2d 1029, 1029). "The burden then shifted to defendant[] to attempt to defeat summary judgment by production of evidentiary material in admissible form demonstrating a triable issue of fact with respect to some defense to plaintiff's recovery on the note[] and [mortgage]" (*I.P.L. Corp.*, 202 AD2d at 1029). In opposition to the motion, defendant claimed that he intended to mortgage only a portion of the property described in the mortgage. "Under long accepted principles[, however,] one who signs a document is, absent fraud or other wrongful act of the other contracting party, bound by its contents" (*Da Silva v Musso*, 53 NY2d 543, 550; *see M&T Bank v HR Staffing Solutions, Inc.* [appeal No. 2], 106 AD3d 1498, 1499). " '[A] party is under an obligation to read a document before he or she signs it, and a party cannot generally avoid the effect of a [document] on the ground that he or she did not read it or know its contents' " (*Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788; *see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 11). Whether defendant intended to mortgage only part of his property is irrelevant where the writing is unambiguous that it included all the property (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162).

Defendant further contends that the court erred in issuing the amended judgment because there is a question of fact whether the two parcels described in the mortgage can be sold as one parcel. We reject that contention. Plaintiff submitted evidence that the Referee determined that selling only one of the parcels would create an illegal subdivision. In opposition to plaintiff's motion to amend the judgment of foreclosure, defendant failed to submit any evidence that his property was ever subdivided and thus could be sold separately.

Finally, defendant's contention that the court erred in not granting him a settlement conference pursuant to CPLR 3408 is improperly raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). In any event, his contention is without merit. CPLR 3408 provides for mandatory settlement conferences in residential foreclosure actions and applies to "any residential foreclosure action involving a home loan . . . in which the defendant is a resident of the property subject to foreclosure" (CPLR 3408 [a]). CPLR 3408 does not apply to defendant because he was not a resident of the property. Defendant further contends that CPLR 3408 applies to defendant Erma C. Jerva, but defendant lacks standing to raise arguments on her behalf (*see generally* CPLR 5511; *People v Park Ave. Plastic Surgery, P.C.*, 48 AD3d 367, 367; *Raven El. Corp. v City of New York*, 291 AD2d 355, 355; *Matter of Nesrine E.*, 287 AD2d 565, 565).

Entered: July 19, 2013                        Frances E. Cafarell
                                              Clerk of the Court