■ Elgin Realty, Inc., Appellant, v Joseph Klein et al., Respondents, et al., Defendants. (And a Third-Party Action.) [971 NYS2d 122]—

In an action, inter alia, in effect, for a judgment declaring that a certain mortgage of record and a related assignment are invalid, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated December 5, 2011, which, upon an order of the same court dated October 20, 2011, among other things, granting the motion of the defendants Emil Friedman and Tibor Hersko for summary judgment, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is modified, on the law, by (1)

deleting the provision thereof dismissing, insofar as asserted against the defendants Emil Friedman and Tibor Hersko, the fourth and fifth causes of action, where were for declaratory relief, and (2) adding a provision thereto declaring that the subject mortgage and assignment are valid; as so modified, the judgment is affirmed, with costs.

In March 2004, the plaintiff, Elgin Realty, Inc. (hereinafter Elgin Realty), acquired title to certain commercial property on Canal Street in Middletown, New York. In February 2008, the defendant Joseph Klein, as president of Elgin Realty, obtained a loan from the defendants Emil Friedman and Tibor Hersko, which was secured by a mortgage on the subject property. In addition, Klein assigned Elgin Realty's interest in the rents and leases on that property to Friedman and Hersko.

In September 2009, Elgin Realty commenced this action, inter alia, in effect, for a judgment declaring that the subject mortgage and assignment are invalid. The complaint alleged that, at all relevant times, Julius Behrend was the sole shareholder and director of Elgin Realty, and that Klein had no authority to give a mortgage on the subject property on behalf of Elgin Realty. We agree with Hersko and Friedman that the mortgage and assignment are valid.

Even if, as Behrend contends, he is the sole shareholder and director of Elgin Realty, Hersko and Friedman demonstrated that Behrend clothed Klein with apparent authority to mortgage the property and assign an interest in the rents and leases. "[T]he existence of 'apparent authority' depends upon a factual showing that the third party relied upon the misrepresentations of the agent because of some misleading conduct on the part of the principal—not the agent" (*Ford v Unity Hosp.*, 32 NY2d 464, 473 [1973]; *see Indosuez Intl. Fin. v National Reserve Bank*, 98 NY2d 238, 245 [2002]; *Hallock v State of New York*, 64 NY2d 224, 231 [1984]). Furthermore, the third party "may rely on an appearance of authority only to the extent that such reliance is reasonable" (*Hallock v State of New York*, 64 NY2d at 231; *see Indosuez Intl. Fin. v National Reserve Bank*, 98 NY2d at 245; *Collision Plan Unlimited v Bankers Trust Co.*, 63 NY2d 827, 830 [1984]).

Here, Hersko and Friedman established their prima facie entitlement to judgment as a matter of law by showing that, prior to entering into the mortgage and assignment agreements, Klein and his attorney, who claimed to represent Elgin Realty, gave them several documents indicating that Klein was the sole shareholder and director of Elgin Realty and was authorized to execute the mortgage and assignment. Hersko and Friedman

additionally submitted proof that Klein had acquired and transferred several parcels of real property in the name of Elgin Realty, and that Behrend was aware of and acquiesced in certain of these transfers. Significantly, Behrend testified at a deposition that he had authorized Klein to purchase the subject property for Elgin Realty, that Behrend himself had no involvement with the property other than to loan Klein a certain amount of money for its acquisition, that under their purported agreement Klein was entitled to collect, for himself, the rents due under the leases, and that Behrend understood that the property could be sold, in which case Klein's only obligation to Behrend would be to repay the loan to him. Under these circumstances, it is clear that the mortgage and assignment were properly executed by Klein (cf. *Collision Plan Unlimited v Bankers Trust Co.*, 185 AD2d 264, 266 [1992]). Whether or not the Supreme Court considered Elgin Realty's opposition papers, those papers failed to raise a triable issue of fact. Further, Elgin Realty concedes that the first and second causes of action insofar as asserted against Hersko and Friedman were properly dismissed.

The Supreme Court erred, however, in dismissing the causes of action for a declaratory judgment merely because Elgin Realty "w[as] not entitled to the declaration" that it sought (*Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Since this is, in part, a declaratory judgment action, the judgment appealed from should have included a provision declaring that the subject mortgage and assignment agreement are valid (*see id.*).

Elgin Realty's remaining contention is without merit. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.