SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**59**

**CA 14-00748**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.

---

HSBC BANK USA, NATIONAL ASSOCIATION,
PLAINTIFF-RESPONDENT,

V            MEMORANDUM AND ORDER

PRIME, L.L.C., PHILIP J. SIMAO,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

MCMAHON, KUBLICK & SMITH, P.C., SYRACUSE (JAN S. KUBLICK OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

PHILLIPS LYTLE LLP, ROCHESTER (MARK J. MORETTI OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Jefferson County
(James P. McClusky, J.), entered December 18, 2013. The order, inter
alia, granted summary judgment to plaintiff.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this foreclosure action after
Prime, L.L.C. (Prime) and Philip J. Simao (collectively, defendants)
defaulted on a note executed by Prime and guaranteed by Simao.
Defendants appeal from an order that granted plaintiff's motion for,
inter alia, summary judgment on the complaint pursuant to CPLR 3212,
dismissal of defendants' counterclaims and the appointment of a
referee to compute plaintiff's damages. We reject at the outset
defendants' contention that Supreme Court should have treated
plaintiff's motion for summary judgment pursuant to CPLR 3212 as a
motion to dismiss based upon documentary evidence pursuant to CPLR
3211 (a) (1). Contrary to defendants' contention, the mere fact that
plaintiff relies on documentary evidence, i.e., a forbearance
agreement containing a release, in support of its motion does not
alter the fact that it is a motion for summary judgment (*see e.g.
Bronson v Hansel*, 16 NY3d 850, 851). Defendants' contention that
plaintiff's motion should have been treated as a CPLR 3211 motion to
dismiss because issue had not been joined with respect to plaintiff's
affirmative defense of release is raised for the first time in their
reply brief and thus is not properly before us (*see Turner v Canale*,
15 AD3d 960, 961, *lv denied* 5 NY3d 702).

We likewise reject defendants' contention that the court erred in

granting plaintiff's motion before discovery was complete.  Defendants "failed to demonstrate that facts essential to oppose the motion were in plaintiff's exclusive knowledge and possession and could be obtained by discovery" (*Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854, 854; *see* CPLR 3212 [f]; *Avraham v Allied Realty Corp.*, 8 AD3d 1079, 1079), and the " 'mere hope that somehow [defendants] will uncover evidence that will prove [their] case is not sufficient to defeat a motion for summary judgment' " (*Rowland v Wilmorite, Inc.*, 68 AD3d 1770, 1771).

We conclude with respect to the merits of that part of plaintiff's motion for summary judgment on the complaint that plaintiff "established [its] prima facie entitlement to summary judgment as a matter of law by submitting the mortgage, the underlying note, and evidence of a default" (*Ferri v Ferri*, 71 AD3d 949, 949), and defendants "failed to 'demonstrate the existence of a triable issue of fact regarding a bona fide defense to the action' " (*Ekelmann Group, LLC v Stuart* [appeal No. 2], 108 AD3d 1098, 1099; *see Dasz, Inc. v Meritocracy Ventures, Ltd.*, 108 AD3d 1084, 1084).  Contrary to defendants' contention, there is no issue of fact concerning its defense that plaintiff breached the implied covenant of fair dealing by increasing the interest rate on the note by three percent retroactively to the date of the default.  Here, the note expressly provided that upon default the interest rate would increase by three percent, and "[n]o obligation can be implied . . . [that] would be inconsistent with other terms of the contractual relationship" (*Murphy v American Home Prods. Corp.*, 58 NY3d 293, 304; *see Marine Midland Bank v Yoruk*, 242 AD2d 932, 933).

Also contrary to defendants' contention, the court properly considered plaintiff's defense of release in granting that part of plaintiff's motion to dismiss the counterclaims despite the fact that the defense was not pleaded in plaintiff's reply.  " '[A] court may grant summary judgment based upon an unpleaded defense where[, as here,] reliance upon that defense neither surprises nor prejudices the [other party]' " (*Schaefer v Town of Victor*, 77 AD3d 1346, 1347; *see Syracuse Equip. Co. v Lebis Contr.*, 255 AD2d 992, 993).  Defendants failed to establish any prejudice or surprise with respect to the unpleaded defense of release (*see Schaefer*, 77 AD3d at 1347).  We further conclude that, contrary to defendants' contention, they "failed to raise a triable issue of fact with respect to their claim that the release is void based on fraud" (*Marlowe v Muhlnickel*, 294 AD2d 830, 831; *see generally Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276).

Finally, defendants' contention that their counterclaims should have been severed from plaintiff's foreclosure action is not properly before us inasmuch as it is raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  February 6, 2015                      Frances E. Cafarell
                                                Clerk of the Court