# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

676
CA 14-02139
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

BRANDYWINE PAVERS, LLC, PLAINTIFF-APPELLANT,

V                                                                    MEMORANDUM AND ORDER

PAT J. BOMBARD, ERMA C. JERVA, DENISE M.
THURSTON, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS,
---------------------------------------------
DAVID P. MARTIN, COURT APPOINTED RECEIVER,
RESPONDENT.

---

HINMAN, HOWARD & KATTELL, LLP, BINGHAMTON (LINDA B. JOHNSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.

DENISE M. THURSTON, DEFENDANT-RESPONDENT PRO SE.

---

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered February 10, 2014 in a foreclosure action. The order, insofar as appealed from, granted the application of defendant Denise M. Thurston for an order directing that a portion of an appeal undertaking, posted on behalf of defendant Pat J. Bombard, be paid to her.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the application is denied, and the proceeds of the undertaking are ordered to be paid to plaintiff.

Memorandum: Plaintiff commenced this action to foreclose on property owned by defendant Pat J. Bombard. Bombard appealed from an amended judgment of foreclosure and sale (amended judgment) and obtained a stay of all proceedings to enforce the amended judgment, including any sale of the property, upon the posting of an undertaking in the amount of $120,000. Defendant Denise M. Thurston, who obtained several judgments against Bombard for unpaid child support, issued restraining notices on the undertaking posted by Bombard. After we affirmed the amended judgment (*see Brandywine Pavers, LLC v Bombard*, 108 AD3d 1209), almost $95,000 of the undertaking was applied to unpaid real estate taxes upon the property pursuant to a "stipulation and order." The remaining amount was released to plaintiff to hold in escrow. The property was purchased by plaintiff for less than the amount owing to plaintiff. Thurston thereafter made an application for an order directing that a portion of the proceeds of the undertaking be paid to her, and Supreme Court granted that relief,

ordering plaintiff to pay Thurston approximately $12,000, representing the outstanding amount of her judgments against Bombard, and further ordering that plaintiff could retain the balance of the proceeds of the undertaking.  Plaintiff now appeals from that part of the order directing it to pay a portion of the proceeds of the undertaking to Thurston, and we reverse the order to that extent.

The undertaking posted by Bombard for the stay of the amended judgment was pursuant to CPLR 5519 (a) (6), which provides in relevant part that "if the judgment or order directs the sale of mortgaged property and the payment of any deficiency, the undertaking shall also provide that the appellant or moving party shall pay any such deficiency."  Here, the amended judgment provided that Bombard was required to pay any deficiency, and we therefore conclude that plaintiff established its entitlement to the undertaking once it showed that there was a deficiency.  The fact that Thurston filed restraining notices against the undertaking did not give her priority over plaintiff (*see Aspen Indus. v Marine Midland Bank*, 52 NY2d 575, 579-580; *Matter of Kitson & Kitson v City of Yonkers*, 10 AD3d 21, 25).

Entered:  June 12, 2015                         Frances E. Cafarell
                                                Clerk of the Court