# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**477**

**CA 14-01406**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

ROBERT H. METCALF,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DAVID M. CUNNINGHAM, INDIVIDUALLY AND AS
FIDUCIARY FOR THE ESTATE OF JOAN S.
CUNNINGHAM, DECEASED, PETER CUNNINGHAM,
KIM CUNNINGHAM, POSSIBLY KNOWN AS KIMBERLY
CUNNINGHAM, DEFENDANTS-APPELLANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

BOND, SCHOENECK & KING PLLC, ROCHESTER (JEFFREY F. ALLEN OF COUNSEL),
FOR DEFENDANTS-APPELLANTS-RESPONDENTS.

HALL AND KARZ, CANANDAIGUA (PETER ROLPH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered October 29, 2013. The order, among other things, denied the motion of David M. Cunningham, individually and as fiduciary for the estate of Joan S. Cunningham, deceased, Peter Cunningham and Kim Cunningham seeking to dismiss plaintiff's amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: We affirm for reasons stated in the amended decision at Supreme Court. We write only to note that certain contentions of David M. Cunningham, individually and as fiduciary for the estate of Joan S. Cunningham, deceased, Peter Cunningham and Kim Cunningham, possibly known as Kimberly Cunningham (collectively, defendants), are not properly before us on this appeal. Defendants' contention that plaintiff either waived the right to sue defendants for their conduct occurring before plaintiff executed a purported easement, or is estopped from asserting a claim for such conduct, is raised for the first time on appeal, and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). Similarly, defendants' contention that they are entitled to counsel fees arising from plaintiff's motion for summary judgment is raised for the first time in their reply brief on appeal, and "it is well settled that a contention raised for the first time in a reply brief is not properly before us" (*Becker-Manning, Inc. v Common Council of City of Utica*,

114 AD3d 1143, 1144; *see HSBC Bank USA, N.A. v Prime, L.L.C.*, 125 AD3d 1307, 1307-1308; *Przesiek v State of New York*, 118 AD3d 1326, 1327).

Entered:  July 10, 2015                      Frances E. Cafarell
                                             Clerk of the Court