# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1428**
**CA 14-01923**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

WELLS FARGO BANK, N.A., AS TRUSTEE FOR
SECURITIZED ASSET BACKED RECEIVABLES LLC
2004-OP2, MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2004-OP2, PLAINTIFF-RESPONDENT,

            V                          MEMORANDUM AND ORDER

CHERYL A. DEERING, CARL G. DEERING,
ET AL., DEFENDANTS-APPELLANTS.

---

JASON L. SCHMIDT, FREDONIA, FOR DEFENDANTS-APPELLANTS.

HINSHAW & CULBERTSON LLP, NEW YORK CITY (KHARDEEN I. SHILLINGFORD OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County
(Deborah A. Chimes, J.), entered January 3, 2014. The order, inter
alia, granted the motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this foreclosure action after
Cheryl A. Deering and Carl G. Deering (defendants) stopped paying on a
note. We reject defendants' contention that Supreme Court erred in
granting plaintiff's motion for summary judgment. As a preliminary
matter, we note that defendants waived the defense of standing by
failing to raise it in their answer to the complaint (*see* CPLR 3211
[e]; *JP Morgan Chase Bank, N.A. v Butler*, 129 AD3d 777, 780; *Wendover
Fin. Servs. v Ridgeway*, 93 AD3d 1156, 1158). Defendants "could not
raise that defense for the first time in opposition to plaintiff's
motion for summary judgment" (*Wells Fargo Bank, N.A. v Erobobo*, 127
AD3d 1176, 1177-1178, *lv dismissed* 25 NY3d 1221).

With respect to the substantive merits of the motion, we conclude
that plaintiff met its initial burden of establishing its entitlement
to judgment as a matter of law by submitting the mortgage, the
underlying note, and evidence of a default (*see HSBC Bank USA, N.A. v
Prime, L.L.C.*, 125 AD3d 1307, 1308; *Emigrant Mtge. Co., Inc. v
Beckerman*, 105 AD3d 895, 895; *I.P.L. Corp. v Industrial Power & Light.
Corp.*, 202 AD2d 1029, 1029). The burden then shifted to defendants to
produce "evidentiary material in admissible form demonstrating a
triable issue of fact with respect to some defense to plaintiff's
recovery on the note[]" (*I.P.L. Corp.*, 202 AD2d at 1029; *see HSBC Bank*

*USA, N.A.*, 125 AD3d at 1308), such as "waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (*Emigrant Mtge. Co., Inc.*, 105 AD3d at 895 [internal quotation marks omitted]; *see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183, *rearg denied* 57 NY2d 674).

Defendants contend that they have asserted a defense to the action inasmuch as there is a dispute regarding the exact amount owed under the promissory note.  It is well settled, however, that such a dispute does not constitute a defense where, as here, it is undisputed that defendants stopped making payments and were in default (*see Mishal v Fiduciary Holdings, LLC*, 109 AD3d 885, 886).  Defendants also failed to raise a triable issue of fact whether plaintiff acted in bad faith.  One of the defendants testified that, when she spoke with a representative of plaintiff regarding outstanding amounts due on the escrow account, she was told that she could seek a loan modification if she missed three payments on the note (*see Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 17).  That defendant further testified, however, that defendants never applied for a loan modification even though plaintiff sent them several applications, that they had not made any payments on the note for over a year, and that they had no intention of making any further payments on the note.  Such testimony does not support defendants' assertion of bad faith on the part of plaintiff.  Under the circumstances, we conclude that defendants have not raised a triable issue of fact with respect to any defense to the action (*see HSBC Bank USA, N.A.*, 125 AD3d at 1308; *Emigrant Mtge. Co., Inc.*, 105 AD3d at 895-896).

Finally, defendants did not raise a triable issue of fact whether plaintiff acted fraudulently.  Indeed, we note that defendants' fraud counterclaim, which asserts that plaintiff altered the description of the mortgaged property by adding an additional parcel when the mortgage was recorded, is not pleaded with the requisite particularity (*see* CPLR 3016 [b]).  Defendants did not allege, among other things, that they justifiably relied on the improper description of the mortgaged premises or that they were injured thereby (*see Merrill Lynch Credit Corp. v Lynch*, 87 AD3d 1391, 1392-1393; *cf. Heckl v Walsh* [appeal No. 2], 122 AD3d 1252, 1255; *see generally Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178).  In any event, the court made it clear that the foreclosure action was with respect to only the parcel listed in the original mortgage (*see generally United Cos. Lending Corp. v Rogers*, 45 AD3d 1419, 1419-1420).  Thus, the court did not err in dismissing the fraud counterclaim.

Entered:  December 23, 2015                        Frances E. Cafarell
                                                   Clerk of the Court