# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1314**
**CA 15-00177**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

COMPTROLLER OF STATE OF NEW YORK, AS TRUSTEE
FOR THE NEW YORK STATE COMMON RETIREMENT FUND,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

LEVEL ACRES LLC, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

MCNAMEE, LOCHNER, TITUS & WILLIAMS, P.C., ALBANY (FRANCIS J. SMITH OF COUNSEL), FOR PLAINTIFF-APPELLANT.

PEKAREK LAW GROUP, P.C., WELLSVILLE (EDWARD PEKAREK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered August 6, 2014. The order denied the motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the motion is granted.

Memorandum: Plaintiff commenced this foreclosure action after Level Acres LLC (defendant) defaulted on a consolidated note and mortgage (note and mortgage). In appeal No. 1, plaintiff contends that Supreme Court erred in determining that the assignment of the note and mortgage to plaintiff was invalid, and therefore erred in denying his motion for summary judgment on the complaint. We agree. Although the assignment was executed on May 20, 2010, i.e., before the May 21, 2010 effective date of the note and mortgage, the assignment states that it was to be effective "as of the 28th day of May, 2010," i.e., after the effective date of the note and mortgage. "[W]here parties to an agreement expressly provide that a written contract be entered into 'as of' a[ specific] date [other] than that on which it was executed, the agreement is effective . . . 'as of' the [specific] date and the parties are bound thereby accordingly" (*Colello v Colello*, 9 AD3d 855, 857 [internal quotation marks omitted]; *see Rosner v Metropolitan Prop. & Liab. Ins. Co.*, 96 NY2d 475, 480). We therefore conclude that the assignment was valid.

We further conclude that plaintiff met his burden of establishing his entitlement to judgment as a matter of law by establishing that he

was the assignee of the note and mortgage when the action was commenced (*see First Franklin Fin. Corp. v Norton*, 132 AD3d 1423, 1423-1424), and by submitting the note and mortgage, along with evidence of defendant's default (*see HSBC Bank USA, N.A. v Prime, LLC*, 125 AD3d 1307, 1308). Defendant failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 42 NY2d 557, 562). We note that, because the assignment was effective over three years before the foreclosure action was commenced, the court erred in relying on, e.g., *Wells Fargo Bank, N.A. v Marchione* (69 AD3d 204).

Finally, in light of our determination in appeal No. 1, we dismiss the appeal from the order in appeal No. 2 as moot.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court