# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**698**

**CA 15-01977**

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

GASPER A. TIRONE AND ELAINE E. TIRONE,
CO-TRUSTEES OF GASPER A. TIRONE AND
ELAINE E. TIRONE TRUST, PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

DEBORAH A. BUCZEK, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

DEBORAH ANN BUCZEK, DEFENDANT-APPELLANT PRO SE.

HODGSON RUSS LLP, BUFFALO (KEVIN M. KEARNEY OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered February 10, 2015. The judgment, inter alia, granted plaintiffs a judgment of foreclosure and sale.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this foreclosure action after Deborah A. Buczek (defendant) defaulted on a note and mortgage. According to plaintiffs, defendant borrowed $385,000 from them in May 2009 to purchase commercial property in Derby, and signed a note in that amount in favor of plaintiffs. The note was secured by a mortgage. In March 2011, plaintiffs executed an allonge to the note, making the note payable to "the Gasper A. Tirone and Elaine E. Tirone Trust" (Trust). The mortgage also was assigned to the Trust. Defendant later defaulted on the note.

In June 2014, plaintiffs issued a demand letter and informed defendant that the original note had been lost. With that letter, plaintiffs provided a copy of the note together with a lost note affidavit, which contained an averment that the Trust held the note. The Trust also re-recorded the mortgage to append the property's legal description, which had been omitted, apparently inadvertently, from the original. Plaintiffs thereafter commenced this foreclosure action.

Plaintiffs attached to the complaint, among other things, a copy of the note and allonge, the mortgage and re-recorded mortgage, and the assignment of the note and mortgage to the Trust. Defendant, in documents which can be construed as her pro se answer, appeared to

contend that the Trust lacked standing to sue her because plaintiffs had lost the note and because plaintiffs did not validly assign the note and mortgage to the Trust. Supreme Court granted plaintiffs' motion for summary judgment seeking dismissal of the answer, a Referee was appointed, a judgment of foreclosure and sale was entered upon the Referee's report, and the property was sold in April 2015 for an amount sufficient to pay both the note and the fees attendant upon the foreclosure and sale.

Contrary to defendant's contention, we conclude that plaintiffs met their burden of establishing their standing to foreclose on the mortgage (*see HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774; *see also Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d 737, 738), and defendant failed to raise a triable issue of fact in opposition (*see Comptroller of State of N.Y. v Level Acres LLC*, 134 AD3d 1528, 1529; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered: September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court