# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1106**
**CA 16-00552**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

M&T BANK, PLAINTIFF-RESPONDENT,

                         V                          MEMORANDUM AND ORDER

RONALD R. BENJAMIN, ALSO KNOWN AS RONALD
BENJAMIN, ALSO KNOWN AS RONALD R. BENJAMIN, ESQ.,
DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

LAW OFFICE OF RONALD R. BENJAMIN, BINGHAMTON (MARY JANE MURPHY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

GETMAN & BIRYLA, LLP, BUFFALO (JOSEPH S. MONTAGNOLA OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

     Appeal from a judgment of the Supreme Court, Erie County (John M.
Curran, J.), entered December 28, 2015.  The judgment awarded
plaintiff money damages.

     It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

     Memorandum:  In this action by plaintiff lender to collect debts
from defendant borrower, defendant appeals from a statement for
judgment entered in favor of plaintiff.  Upon our review of the
judgment, we conclude that Supreme Court properly granted plaintiff's
motion for summary judgment on the complaint and dismissal of
defendant's counterclaim, and denied defendant's cross motion for,
inter alia, leave to amend his answer and disclosure.  We note with
respect to the cross motion that defendant failed to support the
request for leave to amend the answer with a copy of the "proposed
amended . . . pleading clearly showing the changes or additions to be
made" (CPLR 3025 [b]; *see Barry v Niagara Frontier Tr. Sys.*, 38 AD2d
878, 878).  We further note that, in opposition to the motion and in
support of that part of the cross motion seeking disclosure, defendant
did not demonstrate that "facts essential to justify opposition"
existed but could not then be stated because they were within the
exclusive knowledge and possession of plaintiff (CPLR 3212 [f]; *see
HSBC Bank USA, N.A. v Prime, L.L.C.*, 125 AD3d 1307, 1308).

     With respect to the merits of plaintiff's motion, we agree with
the court that the Term Note did not evidence a "home loan" within the
meaning of the statute inasmuch as the debt was not "incurred by the
borrower primarily for personal, family, or household purposes" (RPAPL

1304 [5] [a] [ii]). In any event, as noted by the court, this is not an action for foreclosure of a mortgage. Thus, the transaction is not subject to the notice and the judicial conference requirements of RPAPL 1304 and CPLR 3408 (a). Finally, we conclude that plaintiff demonstrated its entitlement to judgment as a matter of law with regard to defendant's allegation that he was the victim of predatory and deceptive lending practices by plaintiff, and defendant failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered: December 23, 2016                    Frances E. Cafarell
                                              Clerk of the Court