U.S. Bank N.A. v Balderston (2018 NY Slip Op 05420)





U.S. Bank N.A. v Balderston


2018 NY Slip Op 05420


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


790 CA 17-01919

[*1]U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-KS2, PLAINTIFF-RESPONDENT,
v
MICHAEL BALDERSTON, ET AL., DEFENDANTS, AND PHILIP CIUFO, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






PHILIPPONE LAW OFFICES, ROCHESTER (CHRISTOPHER HUDAK OF COUNSEL), FOR DEFENDANT-APPELLANT.
RAS BORISKIN, LLC, WESTBURY (CHRIS LESTAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered January 27, 2017. The order granted the motion of plaintiff for summary judgment and denied the cross motion of defendant Philip Ciufo for summary judgment. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: These consolidated appeals arise from an action to foreclose a mortgage secured by property owned by Philip Ciufo (defendant). In appeal No. 2, defendant appeals from an order that, inter alia, granted plaintiff's motion for summary judgment on the complaint and denied defendant's cross motion seeking, among other relief, summary judgment dismissing the complaint against him on the ground that the statute of limitations had expired. In appeal No. 1, defendant purports to appeal from a separate order granting the motion and denying the cross motion. As an initial matter, we note that the notice of appeal applies only to the order in appeal No. 2. Nevertheless, we exercise our discretion to treat the notice of appeal as valid with respect to both orders (see CPLR 5520 [c]). We further note, however, that the order in appeal No. 1 was superseded by the order in appeal No. 2, and we therefore must dismiss appeal No. 1 (see Morris v Ontario County, 152 AD3d 1185, 1186 [4th Dept 2017]).
Contrary to defendant's contention, Supreme Court properly granted plaintiff's motion. Before addressing the merits, we conclude that, although raised for the first time on appeal, plaintiff's contention that defendant does not have standing to assert a statute of limitations defense is properly before us inasmuch as it is an issue of law that "could not have been avoided by [defendant] if brought to [his] attention in a timely manner" (Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]). We further conclude, however, that defendant, as the owner of the property, has standing to assert that defense (cf. Pritchard v Curtis, 101 AD3d 1502, 1502-1503 [3d Dept 2012]).
With respect to the merits, we conclude that plaintiff met its initial burden with respect to the cause of action for foreclosure "by submitting the note and mortgage together with an affidavit of nonpayment" (Brandywine Pavers, LLC v Bombard, 108 AD3d 1209, 1209 [4th Dept 2013]; see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [2d Dept 2015]). "The burden then shifted to defendant[] to attempt to defeat summary judgment by production of evidentiary material in admissible form demonstrating a triable issue of fact with respect to some defense to plaintiff's recovery on the note[] and [mortgage]" (I.P.L. Corp. v Industrial Power & [*2]Light. Corp., 202 AD2d 1029, 1029 [4th Dept 1994]; see Brandywine Pavers, LLC, 108 AD3d at 1209-1210).
We reject defendant's contention that the evidence that he submitted in opposition raised a triable issue of fact with respect to the statute of limitations defense. Defendant submitted evidence establishing that plaintiff had commenced foreclosure actions in 2007 and 2008, more than six years before the commencement of this action, and "[t]he filing of the summons and complaint seeking the entire unpaid balance of principal in the prior foreclosure action constituted a valid election by the plaintiff to accelerate the maturity of the debt" (Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935 [2d Dept 2018]). Furthermore, it is well settled that, where "the mortgage holder accelerates the entire debt . . . , the six-year statute of limitations begins to run on the entire debt" (Wilmington Sav. Fund Socy., FSB v Gustafson, 160 AD3d 1409, 1410 [4th Dept 2018]; see Business Loan Ctr., Inc. v Wagner, 31 AD3d 1122, 1123 [4th Dept 2006]). It is also well settled, however, that " [a] lender may revoke its election to accelerate the mortgage, [although] it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action' " (Deutsche Bank Natl. Trust Co., 157 AD3d at 935; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 987 [2d Dept 2016], lv denied 29 NY3d 919 [2017]). Here, in support of its motion, plaintiff submitted evidence establishing that the prior foreclosure actions commenced in 2007 and 2008 were settled by a modification agreement between plaintiff and the borrower whereby payments on the mortgage resumed. That evidence "establishes that the statute of limitations was tolled by demonstrating that [partial payment] was paid to and accepted by [plaintiff] as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder' " (Business Loan Ctr., Inc., 31 AD3d at 1123, quoting Crow v Gleason, 141 NY 489, 493 [1894]). Defendant failed to submit any evidence establishing that the modification agreement did not toll the statute of limitations, and thus failed to raise an issue of fact.
We reject defendant's further contention that he raised a triable issue of fact by submitting evidence that plaintiff commenced another prior foreclosure action in September 2009, which was after the modification agreement was signed. Although the limitations period began to run when that action was commenced, this action was commenced in June 2015, which was within the six-year statute of limitations.
For the same reasons, we conclude that the court properly denied defendant's cross motion.
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court