Wells Fargo Bank, N.A. v Deering (2023 NY Slip Op 02263)

Wells Fargo Bank, N.A. v Deering

2023 NY Slip Op 02263

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

975 CA 22-00571

[*1]WELLS FARGO BANK, N.A., AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2004-OP2, MORTGAGE PASS-THROUGH RECEIVABLES, SERIES 2004-OP2, PLAINTIFF-RESPONDENT,
v
CHERYL A. DEERING, CARL G. DEERING, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

LAW OFFICE OF JOHN J. KEENAN, HAMBURG (JOHN J. KEENAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
MCGLINCHEY STAFFORD, NEW YORK CITY (MARGARET J. CASCINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Chautauqua County (Lynn W. Keane, J.), entered October 7, 2021. The judgment, inter alia, granted the motion of plaintiff for a judgment of foreclosure and sale. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this foreclosure action against, among others, Cheryl A. Deering and Carl G. Deering (defendants) after defendants stopped paying on a note that was secured by a mortgage on real property. Supreme Court (Chimes, J.) granted plaintiff's motion for summary judgment and we affirmed (Wells Fargo Bank, N.A. v Deering, 134 AD3d 1468 [4th Dept 2015]). Defendants thereafter moved to vacate the resulting judgment of foreclosure and sale based on, inter alia, an affidavit sworn to in 2008 by plaintiff's former attorney, who had represented plaintiff in an earlier foreclosure action against defendants with respect to the subject property. In the affirmation, plaintiff's former attorney stated that "the defendant forwarded funds" to him "in order to pay off his mortgage and pay all costs associated with said action." Based on that evidence, Supreme Court (Dillon, J.) granted defendants' motion to vacate the judgment of foreclosure and sale and restored the matter to the calendar. Plaintiff thereafter obtained an affirmation from the former attorney, in which he said that the statement he made in his 2008 affidavit was in error and that defendants paid off their mortgage arrears at that time but did not pay off the note in full. Plaintiff moved for a judgment of foreclosure and sale and Supreme Court (Keane, J.), inter alia, granted the motion. Defendants appeal and we affirm.
We conclude that defendants' contentions concerning equitable estoppel and judicial estoppel are not preserved for our review (see #1 Funding Ctr., Inc. v H & G Operating Corp., 48 AD3d 908, 910 n 1 [3d Dept 2008]; Conner v State of New York, 268 AD2d 706, 707 [3d Dept 2000]).
We further conclude that plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law on its motion for a judgment of foreclosure and sale (see HSBC Bank USA, N.A. v Prime, L.L.C., 125 AD3d 1307, 1308 [4th Dept 2015]; I.P.L. Corp. v Industrial Power & Light. Corp., 202 AD2d 1029, 1029 [4th Dept 1994]). In support of the motion, plaintiff submitted the mortgage, the underlying note, evidence of defendants' default, and the [*2]affirmation of plaintiff's former attorney who clarified that in 2008 defendants did not pay off the note in full. Additionally, plaintiff submitted documentary evidence establishing that defendants made payments on the note after 2008 and stopped making payments in 2011.
The burden then shifted to defendants to produce "evidentiary material in admissible form demonstrating a triable issue of fact with respect to some defense to plaintiff's recovery on the note[]" (I.P.L. Corp., 202 AD2d at 1029; see HSBC Bank USA, N.A., 125 AD3d at 1308). In opposition, defendants submitted an affidavit of Carl G. Deering, in which he stated that it was his understanding that the mortgage and note were satisfied in 2008 and that he relied on the 2008 affidavit of plaintiff's former attorney, but those conclusory statements are unsupported by the record and are insufficient to raise an issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court