CNB Bank v New Creation Fellowship of Buffalo (2025 NY Slip Op 00563)

CNB Bank v New Creation Fellowship of Buffalo

2025 NY Slip Op 00563

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, NOWAK, AND HANNAH, JJ.

846 CA 24-00401

[*1]CNB BANK, PLAINTIFF-RESPONDENT,
v
NEW CREATION FELLOWSHIP OF BUFFALO, A RELIGIOUS CORPORATION, DEFENDANT-APPELLANT, AND STEPHEN GRANT, DEFENDANT. (APPEAL NO. 2.) 

BOCHNER PLLC, NEW YORK CITY (ISAAC M. DISKIND OF COUNSEL), FOR DEFENDANT-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (MARC W. BROWN OF COUNSEL), AND BLOCK, LONGO, LAMARCA & BRZEZINSKI, P.C., WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Dennis E. Ward, J.), entered December 15, 2023. The judgment, insofar as appealed from, granted plaintiff money damages against defendant New Creation Fellowship of Buffalo, a religious corporation. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, the amount due under a promissory note executed in the name of defendant New Creation Fellowship of Buffalo (New Creation), a religious corporation, by defendant Stephen Grant, a former member of New Creation and personal guarantor of the note. In appeal No. 1, New Creation appeals from an order that, inter alia, granted in part plaintiff's motion for summary judgment seeking, among other things, the relief sought in the amended complaint. In appeal No. 2, New Creation appeals from a judgment awarding plaintiff damages. We note at the outset that appeal No. 1 must be dismissed inasmuch as the order granting in part plaintiff's motion for summary judgment is subsumed in the final judgment in appeal No. 2 (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; Chase Manhattan Bank, N.A. v Roberts & Roberts, 63 AD2d 566, 567 [1st Dept 1978]; see also CPLR 5501 [a] [1]). In appeal No. 2, we affirm.
We conclude that plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law on its first cause of action, for a money judgment on the note, by submitting the note and evidence of a default (see HSBC Bank USA, N.A. v Prime, L.L.C., 125 AD3d 1307, 1308 [4th Dept 2015]; I.P.L. Corp. v Industrial Power & Light. Corp., 202 AD2d 1029, 1029 [4th Dept 1994]). The burden then shifted to New Creation to produce "evidentiary material in admissible form demonstrating a triable issue of fact with respect to some defense to plaintiff's recovery on the note[ ]" (I.P.L. Corp., 202 AD2d at 1029; see HSBC Bank USA, N.A., 125 AD3d at 1308).
We agree with New Creation that Supreme Court erred in concluding that New Creation was barred by the doctrine of judicial estoppel from asserting the defense that Grant lacked the authority to execute the note on behalf of New Creation and that the note is therefore invalid. "[T]he doctrine of judicial estoppel provides that where a party assumes a position in a legal proceeding and succeeds in maintaining that position, that party may not subsequently assume a contrary position because [the party's] interests have changed" (Matter of R.W. Burrows Grantor Family Trust [Lengvarsky], 222 AD3d 1389, 1391 [4th Dept 2023] [internal quotation marks omitted]; see Borrelli v Thomas, 195 AD3d 1491, 1494 [4th Dept 2021]). Here, although the [*2]documentary evidence establishes that New Creation sought and obtained prior judicial approval to enter into a mortgage as security on a note (see Religious Corporations Law § 12 [1]; see generally Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc. v Congregation Yetev Lev D'Satmar, Inc., 9 NY3d 297, 301 [2007]), the mere fact that the approval was obtained did not result in the formation of a binding requirement upon New Creation to then enter into the note (see generally Security Mtge. Group LLC v Oak Hill Family Park, LLC, 49 AD3d 1302, 1303-1304 [4th Dept 2008]; Eves v Bureau, 13 AD3d 1004, 1005-1006 [3d Dept 2004]). Thus, inasmuch as seeking and obtaining judicial approval to enter into a note and mortgage did not obligate New Creation to enter into the note and mortgage, New Creation's challenge to the validity of the note in this litigation is not contrary to its position in a prior legal proceeding (see generally CKR Law LLP v DiPaolo, 209 AD3d 427, 427 [1st Dept 2022]; Capizzi v Brown Chiari LLP, 194 AD3d 1457, 1460 [4th Dept 2021]).
Nonetheless, we reject the contention of New Creation that, in opposition to the motion, it raised a question of fact whether Grant had the apparent authority to enter into the note on behalf of New Creation. "Essential to the creation of apparent authority are words or conduct of the principal, communicated to the third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" (Hallock v State of New York, 64 NY2d 224, 231 [1984]; see Long v Graphic Controls Acquisition Corp., 192 AD3d 1653, 1654 [4th Dept 2021], lv dismissed 38 NY3d 942 [2022]). Here, at the time the note was executed, plaintiff had the order granting New Creation's petition for judicial approval to enter into a mortgage with plaintiff, and the documents submitted in support thereof, including the notarized petition and the commitment letter executed by the authorized representative of New Creation, i.e., the pastor of New Creation, New Creation's corporate resolution to enter into the note, and a resolution to open a checking account with Grant as a signer, which, read together, created the appearance that Grant had the requisite authority to enter into a transaction on behalf of New Creation (see generally Pasquarella v 1525 William St., LLC, 120 AD3d 982, 984 [4th Dept 2014]; Elgin Realty, Inc. v Klein, 109 AD3d 785, 786-787 [2d Dept 2013]).
Moreover, even if Grant did not have the apparent authority to enter into a transaction on behalf of New Creation, we conclude that plaintiff established as a matter of law that New Creation ratified Grant's actions because it "fail[ed] to timely repudiate the unauthorized actions, or [acted] with an intent to be bound" (Provident Bay Rd., LLC v NYSARC, Inc., 117 AD3d 1356, 1358 [3d Dept 2014]; see Panaggio v Panaggio, 256 AD2d 1115, 1115-1116 [4th Dept 1998]). The record establishes that New Creation complied with the payments and an authorized representative of New Creation, i.e., its vice president, executed an authorization for automatic withdrawal payments to plaintiff for the note.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court