CKR Law LLP v Dipaolo (2022 NY Slip Op 05587)

CKR Law LLP v Dipaolo

2022 NY Slip Op 05587

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 151956/20 Appeal No. 16346 Case No. 2022-01012 

[*1]CKR Law LLP, Plaintiff-Respondent,
v
Barrett S. Dipaolo, Defendant, Eric Craig Mendelson, Defendant-Appellant.

Sternbach, Lawlor & Rella LLP, New York (Anthony J. Rella of counsel), for appellant.
Felicello Law P.C., New York (Michael James Maloney of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 7, 2021, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the cause of action for fraudulent inducement, unanimously reversed, on the law, without costs, and the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Supreme Court properly rejected defendant's judicial estoppel argument, which was based on a prior related action (Paul B. Gottbetter v CKR Law LLP f/k/a Crone Kline Rinde LLP, Sup Ct, NY County, index No. 652715/2015) (the Gottbetter action), as nothing in that prior action forecloses a claim that defendant fraudulently induced plaintiff to enter into agreements with Paul Gottbetter and his law firm, Gottbetter & Partners, LLP (G&P). Further, defendant notes that when the court dismissed third-party claims in the Gottbetter action, it stated that "misdeeds" by Adam Gottbetter, Paul Gottbetter's son and a principal of G&P, were the actual cause of plaintiff's claimed damages. The court's statement, however, does not preclude a claim against defendant, since his possible involvement in the alleged fraud was not at issue at the time.
As to the current action, the complaint fails to plead a cause of action for fraudulent inducement because it does not adequately allege that plaintiff suffered any ascertainable out-of-pocket pecuniary damages resulting from the alleged fraud (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 144 [2017]; Gottbetter v Crone Kline Rinde, LLP, 162 AD3d 579, 580 [1st Dept 2018]). Although plaintiff alleges unspecified reputational damages and lost revenue or profits, these allegations are not sufficient to sustain a cause of action based on fraud (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Similarly, plaintiff fails to allege that it paid any particular amount to acquire the G&P law practice or name, alleging only the value of G&P's practice when plaintiff acquired it; this allegation is insufficient to measure plaintiff's damages (see Continental Cas. Co. v PricewaterhouseCoopers, LLP, 15 NY3d 264, 271 [2010]). Furthermore, although plaintiff states that G&P "carried undisclosed liabilities," it does not elaborate on what those might be.
Plaintiff does not show that further discovery would cure the deficiency in its pleadings (see Connaughton, 29 NY3d at 144), particularly given that it has obtained
discovery in the Gottbetter action.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022