Emissions Reduction Corp. v mCloud Tech. (USA) Inc. (2025 NY Slip Op 05457)

Emissions Reduction Corp. v mCloud Tech. (USA) Inc.

2025 NY Slip Op 05457

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Index No. 655897/23|Appeal No. 4884|Case No. 2024-04653|

[*1]Emissions Reduction Corp., Plaintiff-Appellant,
v
mCloud Technologies (USA) Inc. et al., Defendants, Russ McMeekin, et al., Defendants-Respondents.

Haynes and Boone, LLP, New York (Amanda Laurel Gayer of counsel), for appellant.
Sichenzia Ross Ference Carmel LLP, New York (John J. Elliot of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered June 10, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint as against the individual defendants Russ McMeekin, Constantino Lanza, and Barry Po, unanimously affirmed, without costs.
Defendant mCloud Technologies (USA) Inc. (mCloud) develops energy asset management software. The individual defendants are officers and directors of mCloud. Plaintiff is a Canadian company that invests in decarbonization development projects.
As alleged in the amended complaint, on March 11, 2022, defendant Russ McMeekin sent plaintiff a draft press release stating that defendant mCloud Technologies Corp., the parent company of mCloud (Parent), "had signed an agreement to deliver its AssetCare for Connected Buildings solution to manage the energy efficiency of the Vail Buick Dealership in Bedford Hills, New York, the first of 15 planned installations for auto dealerships in New York state to help control rising energy costs in the electric vehicle (EV) era" and had "[s]igned LOIs [Letters of Intent] in place to connect 15 additional dealerships in New York with total expected value of more than $14 million." McMeekin told plaintiff that mCloud needed $15 million to deploy the first phase of its EV projects at those dealerships. On March 28, 2022, in reliance on the draft press release, plaintiff and mCloud executed a note, under which plaintiff loaned mCloud $5 million on or about the March 28 execution date, with the option for mCloud to request additional advances of up to $10 million. Shortly after the first advance, the individual defendants each represented that mCloud had used $4,926,199 of its $5 million advance from plaintiff to order equipment for EV dealership projects, and that it required the additional $10 million to further support the projects. Plaintiff advanced a further $10 million to mCloud upon these representations. Plaintiff subsequently discovered defendants' representations to be false, and that the funds were used to pay another of mCloud's lenders, compensate its executives, and inject funds into mCloud's sister entities, as opposed to the purposes agreed upon in the note. Plaintiff asserted claims of fraudulent inducement against the individual defendants, mCloud, and Parent, and a breach of contract claim against mCloud. As relevant here, for each cause of action plaintiff sought the $15 million in principal, together with interest and certain costs associated with drafting and enforcing the note. In its fraud claims, plaintiff sought additional unspecified reputational, valuational, and auditing costs. Plaintiff's fraud claims against the individual defendants, Russ McMeekin, Constantino Lanza, and Barry Po were correctly dismissed by the court below, as they sought damages duplicative of those recoverable on the breach of contract claim against mCloud (see MBIA Ins. Corp v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114 [1st Dept 2018]["Where all of the damages are remedied through the contract claim, the fraud claim is duplicative and must be dismissed"], citing Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600, 600-601 [1st Dept 2014][dismissing fraud claim seeking duplicative damages even where the plaintiff sufficiently alleged breach of an independent duty owed them independent of the contract]). Plaintiff's vaguely alleged reputational and valuational damages resulting from the fraud do not constitute the ascertainable out-of-pocket pecuniary damages required to sustain the fraud claim (see CKR Law LLP v DiPaola, 209 AD3d 427, 428 [1st Dept 2022][unspecified reputational damages and lost revenue or profits are not sufficient to sustain a cause of action based on fraud], citing Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]).
In light of the foregoing, we need not reach the remaining issues as to the viability of the fraud claims.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025